Matthias, J.
 

 The primary, and as we view it the controlling question presented in this case, is whether the probate court is authorized to make an allowance, and tax as a part of the costs of sale, a fee to the attorney for a fiduciary for services performed in a proceeding for the sale of real estate to pay debts, where a mortgagee purchases the property for less than the sum found to be due on his mortgage.
 

 The answer to that question involves the construction of Section 10510-46, General Code, the portion of which essential to a consideration of this case reads as follows: “The money arising from the sale of real estate shall be applied as follows: 1. To discharge the costs and expenses of the sale, including reasonable fees for services performed by attorneys for the fiduciary in connection with the sale, and the commission of the executor or administrator thereon for his
 
 *163
 
 administration or compensation of the guardian for his services as fixed by the court.
 

 “2. To the payment of mortgages, * # * liens,” etc.
 

 This statute in its present form became effective January 1, 1932, although its general provisions have been in force many years, having previously been embodied in Section 6165, Revised Statutes. The portion thereof inserted by recent amendment, and which gives rise to the question here presented, is the following: “Including reasonable fees for services performed by attorneys for the fiduciary in connection with the sale.” This language is clear and there can be no dispute upon the proposition that it now clearly authorizes the allowance and payment of reasonable fees to attorneys for the services indicated, and directs the payment thereof as a part of the costs and expenses of sale in addition to the commission of the executor or administrator which had long previously been authorized by this statute. As heretofore stated, however, the question is whether such fees may be made a part of the costs, and, as such, required to be paid by a mortgagee who purchases the property upon such sale for a sum which is less than the amount found to be due upon his mortgage. It has long been settled that if a mortgagee, whose lien is fixed by the court, becomes the purchaser at an administrator’s or executor’s sale, the executor or administrator is not entitled to a per centum compensation on that part of the purchase money applicable to the satisfaction of his mortgage; and that where the purchase price of the realty sold is insufficient to discharge the mortgages thereon, and the mortgagee purchased the property, the fees of the administrator are properly disallowed any priority over the mortgage claims. 18 Corpus Juris, page 752;
 
 Stone
 
 v.
 
 Strong,
 
 42 Ohio St., 53. The court in the case just cited held in the syllabus: “If a mortgagee, whose lien is fixed by the court, becomes
 
 *164
 
 the purchaser at such sale, the executor or administrator is not entitled to a per centum compensation on that part of the purchase money applicable to the satisfaction of his mortgage.” The court, on page 57, directed attention to the language of the statute, “money arising from the sale,” and held there was no “money arising from the sale” upon which to base a calculation of fees or commission.
 

 In the case of
 
 Andrews, Assignee,
 
 v.
 
 Johns,
 
 59 Ohio St., 65, 51 N. E., 880, the court had before it for construction and application the provisions of Section 6357, Revised Statutes, relating to sales by an assignee under order of the court. The language used in that statute with reference to the fund for distribution is “proceeds of the sale,” which the court considered the same as “money arising from the sale,” and concluded that “the legislature, used the terms in the two sections as synonymous.” The court held that “The term ‘proceeds of the real estate sold,’ found in Section 6357, Revised Statutes, implies money arising from the sale actually received and accounted for as such by the assignee. Upon money so received he is entitled to the percentage compensation named in the section above cited.” In the course of the opinion it is stated, at page 72: “Now where the land exposed for sale by an assignee, which is incumbered by a mortgage constituting a first lien has been bid in by the mortgagee for a sum less than the amount owing on his mortgage, there can be no ‘proceeds’ in the sense of money for distribution, for the legal effect of the bid and sale, followed by confirmation and deed, is only to satisfy the mortgage, and the debt
 
 pro tanto,
 
 and vest in the mortgagee, purchaser, the equity of redemption of the assignor, and is not to produce a fund for distribution. It has never been the law or practice in this state to require a mortgagee, purchasing under such circumstances, to pay the amount of his purchase either to the officer making the sale, or into
 
 *165
 
 court. The reason is that having already the legal title subject to the equity of redemption of the mortgagor, the purchaser is in a sense the owner, and requires only a satisfaction in a legal manner of the equity of redemption, and of any subsequent liens, followed by possession, in order to give him a complete title to the land. ’ ’
 

 The recent enactment of Section 10510-46, General Code, discloses no intention of the Legislature to do other than expressly provide for the payment of reasonable fees to the attorney for the fiduciary, just as it had previously expressly provided for the payment of fees to the fiduciary himself, out of the money arising from the sale. The provision as to each is the same, no preference being given to one over the other. Hence both are alike governed by the reasoning and the rule announced in the two cases above cited, which are approved and followed.
 

 The statute can have no application whatever where there is no money arising from the sale to distribute. The requirement of the payment of costs necessary in the foreclosure of a mortgage does not rest upon the statute. That is done regardless of statute. It follows that the judgment of the Court of Appeals is reversed and that of the common pleas affirmed.
 

 Judgment reversed.
 

 "Weygandt, C. J., Day, Allen, Stephenson and Jones, JJ., concur.