THE STATE, EX REL. BEACON JOURNAL PUBLISHING COMPANY, APPELLANT AND
CROSS-APPELLEE, *v.* OHIO DEPARTMENT OF HEALTH ET AL., APPELLEES
AND CROSS-APPELLANTS.

[Cite as State, ex rel. Beacon Journal Publishing Co., *v.* Ohio Dept. of Health
(1990), 51 Ohio St. 3d 1.]

(No. 89-56—Submitted November 7, 1989—Decided May 2, 1990.)

*Roetzel & Andress, Norman S. Carr* and *Ronald S. Kopp,* for appellant and cross-appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Bryan L. Jeffries* and *Lawrence D. Pratt,* for appellees and cross-appellants.

WRIGHT, J. The only question before us is whether the court of appeals erred in denying appellant and cross-appellee Beacon Journal its attorney fees incurred in obtaining the writ of mandamus ordering release of the Dee Maret reports. We hold that the court of appeals correctly applied the criteria for awarding attorney fees set out in *State, ex rel. Fox,* v. *Cuyahoga Cty. Hosp. System* (1988), 39 Ohio St. 3d 108, 529 N.E. 2d 443. Therefore, we affirm the court of appeals' denial of attorney fees.

R.C. 149.43(B) provides in pertinent part: "All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. * * *" R.C. 149.43(C) provides that if a person believes that a governmental unit has failed to comply with R.C. 149.43(B), "* * * the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the governmental unit or the person responsible for the public record to comply with division (B) of this section and that awards reasonable attorney's fees to the person that instituted the mandamus action. * * *"

This version of R.C. 149.43(C) was enacted in 1987, when the General Assembly passed Am. Sub. S.B. No. 275, repealing R.C. 149.99 and replacing what was then R.C. 149.43(C) with a new subsection (C) that included the language quoted above. 142 Ohio Laws, Part I, 1151, 1152-1153. Section 4 of Am. Sub. S.B. No. 275 provided for retroactive application of amended R.C. 149.43(C) to mandamus actions that were pending or on appeal when the amendment took effect on October 15, 1987. 142 Ohio Laws, Part I, 1153. Since this action was filed in November 1986 and the writ was granted September 6, 1988, it was subject to the retroactive application of R.C. 149.43(C).

ODH and Dr. Halpin contend that the appellate court's retroactive application of R.C. 149.43(C) to the issue of an award of attorney fees violated Section 28, Article II of the Ohio Constitution, which provides in pertinent part: "The general assembly shall have no power to pass retroactive laws * * *."

We held in *Van Fossen* v. *Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, 522 N.E. 2d 489, that before reaching the issue of whether a statute may constitutionally be applied retrospectively, the statute must pass the threshold test of R.C. 1.48, which

states: "A statute is presumed to be prospective in its operation unless expressly made retrospective." Section 4 of Am. Sub. S.B. No. 275 gives amended R.C. 149.43(C) retrospective effect: "Any action in which a writ of mandamus is sought to compel compliance with section 149.43 of the Revised Code, or any appeal of such action, pending in any court as of the effective date of this act may proceed as if this division had been in effect at the time such action was filed." 142 Ohio Laws, Part I, 1153. We are satisfied that this language declares the legislature's unmistakably clear intent that the statute be applied retroactively.

Having found that amended R.C. 149.43(C) clears the hurdle of R.C. 1.48, we turn to the second question *Van Fossen* requires us to answer: whether R.C. 149.43(C) violates Section 28, Article II of the Ohio Constitution. As we wrote in *Van Fossen, supra,* at paragraph three of the syllabus, answering this question "* * * requires an initial determination of whether that statute is substantive or merely remedial. * * *" If the statute affects a substantive right, retroactive application is unconstitutional; however, if it is purely remedial in its effect, it does not violate the constitutional ban on retroactive legislation of Section 28, Article II. *Id.* at 106-107, 522 N.E. 2d at 496.

ODH and Dr. Halpin contend that the attorney fees provision of R.C. 149.43(C) affects substantive rights and should not therefore be given retroactive effect. They point to our opinion in *Fox, supra,* at 112, 529 N.E. 2d at 447, where we noted that "* * * attorney fees are regarded as punitive. * * *" Expanding on this remark, ODH and Halpin analogize attorney fees to punitive damages and cite our decision in *Osai* v. *A & D Furniture Co.* (1981), 68 Ohio St. 2d 99, 22 O.O.

3d 328, 428 N.E. 2d 857, where we held that the treble-damages provision of R.C. 1345.09(B) could not be constitutionally given retroactive application because imposition of this statutory penalty affects a substantive right. ODH and Halpin conclude that we should therefore treat attorney fees in the same manner as punitive damages and hold that the court of appeals erroneously applied the attorney fees provision of R.C. 149.43(C) to this case.

Beacon Journal argues that attorney fees are better characterized as costs rather than damages. *State, ex rel. Michaels,* v. *Morse* (1956), 165 Ohio St. 599, 60 O.O. 531, 138 N.E. 2d 660, concerned, among other matters, retroactive application of a provision in a newly enacted statute that eliminated attorney fees. We held in that case that " '[t]he general rule in Ohio is that, in the absence of statutory provision making attorney fees a part of the costs, such fees can not be so taxed. * * * A statute relating to costs is remedial and may operate retroactively. *Flory, Admr.,* v. *Cripps* [1937], 132 Ohio St., 487, 491, [8 O.O. 484, 486,] 9 N.E. (2d), 500.' " *Id.* at 607, 60 O.O. at 535, 138 N.E. 2d at 666.

*Morse* settles the argument: Attorney fees are costs, statutes relating to costs are remedial, and therefore the attorney fees provision of R.C. 149.43(C) does not violate the constitutional prohibition against retroactive legislation. We hold that the present version of R.C. 149.43(C) passes both parts of the *Van Fossen* test.

Having disposed of the cross-appeal, we turn to a review of the correctness of the court of appeals' refusal to award Beacon Journal attorney fees. We held in *Fox, supra,* at paragraph two of the syllabus, that "[t]he award of attorney fees under R.C. 149.43(C) is not mandatory." A

court must therefore exercise its discretion in deciding whether attorney fees are warranted in a particular case. *Fox* offers guidelines for making this determination:

"We have held in *State, ex rel. Hirshler,* [v. *Frazier* (1980), 63 Ohio St. 2d 333, 17 O.O. 3d 418, 410 N.E. 2d 1253], that the relators must demonstrate a sufficient benefit to the public to warrant the award of attorney fees. The court may also consider the reasonableness of respondents' refusal to comply, since attorney fees are regarded as punitive. Respondents argue that they acted in good faith and presented serious legal issues regarding the Hospital System's obligation to open its records to the public. We find no evidence of bad faith on the part of respondents. There was a reasonable legal basis for respondents' refusal to produce the requested documents and relator's prayer for attorney fees is therefore denied." *Id.* at 112, 529 N.E. 2d at 447.

ODH and Dr. Halpin assert that they acted in good faith and had a reasonable legal basis for refusing to comply with R.C. 149.43(B), and that Beacon Journal is therefore not entitled to attorney fees. To explain why we agree, it is necessary to review the recent history of R.C. 149.43 in the courts of Ohio with regard to when records are exempt from release under R.C. 149.43.

R.C. 149.43(A), which defines "public record," exempts certain categories of records from public release.[1] ODH asserts that it refused to release the reports because it believed in good faith that they fit the following exemptions: "confidential law enforcement investigatory records" (R.C. 149.43[A][2]), and, more precisely, "specific investigatory work product" (R.C. 149.43[A][2][c]); "medical records" (R.C. 149.43[A][3]); "trial preparation records" (R.C. 149.43[A][4]); and "records the release of which is prohibited by state or

---

[1] ODH based its refusal to make the reports available on the following provisions of R.C. 149.43:

"(A)  As used in this section:

"* * *

"(1) 'Public record' means any record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, except *medical records,* records pertaining to adoption, probation, and parole proceedings, records pertaining to actions under section 2151.85 of the Revised Code and to appeals of actions arising under that section, records listed in division (A) of section 3107.42 of the Revised Code, *trial preparation records, confidential law enforcement investigatory records,* and *records the release of which is prohibited by state or federal law.*

"(2) *'Confidential law enforcement investigatory record'* means any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or ad-

ministrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:

"* * *

"(c) Specific confidential investigatory techniques or procedures or *specific investigatory work product;*

"* * *

"(3) *'Medical record'* means any document or combination of documents, except births, deaths, and the fact of admission to or discharge from a hospital, that pertains to the medical history, diagnosis, prognosis, or medical condition of a patient and that is generated and maintained in the process of medical treatment.

"(4) *'Trial preparation record'* means any record that contains information that is specifically compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney." (Emphasis added.)

federal law" (R.C. 149.43[A][1]), here R.C. 2317.02(B).

Four months after this mandamus action was instituted, the Court of Appeals for Cuyahoga County released an opinion that bolstered ODH's position. In *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland* (Mar. 13, 1987), Cuyahoga App. No. 52337, unreported, the court of appeals ruled that Cleveland Police Department files relating to investigations of the use of deadly force were not subject to disclosure under the "specific investigatory work product" exemption of R.C. 149.43(A)(2)(a).

Based in part upon this holding, the referee below in the instant case recommended that the writ be denied because the reports could be characterized as trial preparation records and confidential law enforcement investigatory records, exempted by R.C. 149.43(A)(4) and 149.43(A)(2)(c), respectively.

Five months after the referee's recommendation, we reversed the appellate decision in *NBC* in *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland* (1988), 38 Ohio St. 3d 79, 526 N.E. 2d 786, holding that "[t]he specific investigatory work product exception, R.C. 149.43(A)(2)(c), protects an investigator's deliberative and subjective analysis, his interpretation of the facts, his theory of the case, and his investigative plans. The exception does not encompass the objective facts and observations he has recorded." *Id.* at paragraph three of the syllabus. Following our reversal in *NBC,* the court of appeals in the instant case granted the writ of mandamus, stating that the reports were public records subject to release under R.C. 149.43 and did not qualify for exemption as confidential work product and trial preparation records. Two months later, following *Fox, supra,* the court of appeals overruled Beacon Journal's

motion for award of attorney fees, finding no bad faith in ODH's resistance to releasing the reports and a reasonable legal basis for its refusal.

Clearly, then, before we reversed *NBC, supra,* in 1988, ODH had a reasonable legal basis for refusing to make the nursing home reports available to Beacon Journal. Had this mandamus action been commenced *after* our decision in *NBC,* however, this defense would not have been well-founded. But until we reversed *NBC,* this case involved a genuine justiciable controversy, and ODH had a reasonable legal basis for refusal to comply. In view of the timing of this action, explored above, ODH meets the requirements of *Fox, supra,* for denial of attorney fees under R.C. 149.43.

Even so, Beacon Journal essentially urges that we overturn *Fox* with regard to attorney fees. We stated in *Fox, supra,* at 112, 529 N.E. 2d at 447, that we had earlier held "* * * that the relators must demonstrate a sufficient benefit to the public to warrant the award of attorney fees. * * *" We went on to add that because respondents in *Fox* acted in good faith and had a reasonable legal basis in defending their refusal to release the records, attorney fees were not warranted. *Id.* Seizing on our remark about public benefit, Beacon Journal contends that to be awarded attorney fees under *Fox* relator need only demonstrate sufficient public benefit. Beacon Journal would have the court of appeals consider respondents' good faith and the reasonableness of their refusal to comply only in deciding whether and by how much to reduce the award; these factors would have no bearing on whether to award attorney fees in the first instance.

To accept this reading of *Fox* would amount to overturning it, and this we decline to do. Beacon Journal is

to be commended for exposing conditions at Dee Maret Nursing Home; there is no question that the public was benefited by relator's successful mandamus action. Admirable as Beacon Journal's pursuit of the reports most certainly was, however, we would profoundly distort the *Fox* test by treating sufficient public benefit as dispositive of the issue of whether to award attorney fees. Public benefit should receive no greater consideration than the other factors.

Moreover, in cases subsequent to *Fox,* we have never applied the *Fox* criteria in the manner urged by Beacon Journal. For example, in *State, ex rel. Fostoria Daily Review Co.,* v. *Fostoria Hosp. Assn.* (1988), 40 Ohio St. 3d 10, 13, 531 N.E. 2d 313, 316, citing our holding in *Fox,* we denied the motion for attorney fees of a relator who brought a successful mandamus action because we found a reasonable legal basis for the refusal to produce the documents. See, also, *State, ex rel. Beacon Journal Publishing Co.,* v. *Akron Metro. Hous. Auth.* (1989), 42 Ohio St. 3d 1, 2-3, 535 N.E. 2d 1366, 1367, where we held that the good or bad faith of a respondent must be considered in deciding whether to award attorney fees under R.C. 149.43.

The court of appeals in this case did not abuse its discretion by denying Beacon Journal attorney fees based on its finding that ODH acted in good faith and with a reasonable legal basis for its refusal. Therefore, we affirm the court of appeals' judgment denying the motion for the award of attorney fees.

*Judgment affirmed.*

MOYER, C.J., HOLMES, H. BROWN and RESNICK, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.