[Cite as *State v. Dudley*, 2017-Ohio-7044.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    28364 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ERIKA R. DUDLEY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 2015 12 3898 |

DECISION AND JOURNAL ENTRY

Dated: August 2, 2017

CALLAHAN, Judge.

{¶1}    Appellant, Erika Dudley, appeals her conviction for robbery from the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    This appeal stems from Erika Dudley's conviction for robbery after a jury trial. We begin by noting that there is no dispute that Erika Dudley committed a theft offense at a Macy's department store in Stow, Ohio.  Ms. Dudley conceded this fact at trial, and does so again on appeal.  The dispute at trial centered upon whether Ms. Dudley inflicted, attempted to inflict, or threatened to inflict physical harm on a security guard, thus elevating the theft offense to robbery.  Because there is no dispute that a theft offense occurred, this Court will confine its recitation of the facts accordingly.

{¶3}    The security guard on duty at the time of the theft testified that he confronted Ms. Dudley after she left the Macy's department store without paying for her items.  He testified that

Ms. Dudley threatened to "mace" him, so he backed away from her. Then, without warning, she "pepper sprayed [him] in the face[,]" and fled the scene. He testified that this was "rather painful[,]" and caused a burning sensation.

{¶4} A police officer that arrived on the scene testified that the security guard's eyes appeared "teary, as if something irritated them." He further testified that pepper spray is orange in color, and that he did not observe orange staining on the security guard's face or clothing. Since mace is clear, the officer concluded that the security guard's injuries were consistent with being sprayed with mace.

{¶5} After hearing the evidence, the jury found Ms. Dudley guilty of robbery under Revised Code Section 2911.02(A)(2). The trial court subsequently sentenced her to two years of incarceration. Ms. Dudley now appeals, raising three assignments of error for our review. For ease of consideration, this Court will address her third assignment of error first.

II.

**ASSIGNMENT OF ERROR III**

APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT
OF THE EVIDENCE.

{¶6} In her third assignment of error, Ms. Dudley argues that her conviction for robbery was against the manifest weight of the evidence. If a defendant asserts that a conviction is against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶7} Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶8} Section 2911.02(A)(2), under which Ms. Dudley was convicted, provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]" As previously noted, the disputed issue at trial was whether Ms. Dudley inflicted, attempted to inflict, or threatened to inflict physical harm on the security guard.

{¶9} In support of her assignment of error, Ms. Dudley argues that the security guard's credibility was "questionable[.]" She argues that there were inconsistencies in his testimony, including the fact that he claimed to have been sprayed in the eyes, yet was able to call the police and provide a description of the vehicle she left in. She also argues that no photographs or medical records corroborated his alleged injuries.

{¶10} As an initial matter, we note that the State was not required to present photographs or medical records to corroborate the security guard's testimony. To the contrary, the testimony of a single witness, if believed, is sufficient to support a criminal conviction. *State v. Riffle*, 9th Dist. Medina No. 07CA0114-M, 2008-Ohio-4155, ¶ 14. We further note that Ms. Dudley's argument as to the security guard's injuries ignores the latter portion of Section 2911.02(A)(2), which provides that threatening to inflict physical harm is sufficient.

{¶11} To the extent that Ms. Dudley argues that the security guard provided "questionable" testimony, "[c]redibility determinations are primarily within the province of the

trier of fact[,]" who "'is free to believe all, part, or none of the testimony of each witness.'" *State v. Just*, 9th Dist. Wayne No. 12CA0002, 2012-Ohio-4094, ¶ 42, quoting *State v. Cross*, 9th Dist. Summit No. 25487, 2011-Ohio-3250, ¶ 35; *Prince v. Jordan*, 9th Dist. Lorain No. 04CA008423, 2004-Ohio-7184, ¶ 35. Here, the jury chose to believe the State's version of the events, which is not a basis for reversal. *State v. Barger*, 9th Dist. Medina No. 14CA0074-M, 2016-Ohio-443, ¶ 29 ("This Court will not overturn a conviction as being against the manifest weight of the evidence simply because the trier of fact chose to believe the State's version of events[.]"). This Court, therefore, cannot say that the jury clearly lost its way when it found Ms. Dudley guilty of robbery under Section 2911.02(A)(2). Accordingly, her third assignment of error is overruled.

## ASSIGNMENT OF ERROR I

DEFENDANT DUDLEY WAS DENIED HER CONSTITUTIONAL RIGHT TO A FAIR TRIAL THROUGH PROSECUTORIAL MISCONDUCT IN CLOSING ARGUMENT.

{¶12} In her first assignment of error, Ms. Dudley argues that the prosecutor engaged in misconduct during closing argument, which deprived her of a fair trial. This Court disagrees.

{¶13} In deciding whether the prosecutor's conduct rises to the level of prosecutorial misconduct, this Court must determine if the prosecutor's actions were improper, and, if so, whether Ms. Dudley's substantial rights were actually prejudiced. *State v. Wright*, 9th Dist. Summit No. 25280, 2010-Ohio-5106, ¶ 22. "An error affects the appellant's substantial rights if it affected the outcome of the trial." *State v. Moorer*, 9th Dist. Summit No. 27843, 2016-Ohio-5216, ¶ 17. As this Court has stated, "[t]he analysis of cases alleging prosecutorial misconduct focuses on the fairness of the trial and not the culpability of the prosecutor." *State v. Overholt*, 9th Dist. Medina No. 02CA0108-M, 2003-Ohio-3500, ¶ 46, citing *State v. Lott*, 51 Ohio St.3d

160, 166 (1990). "A reviewing court is to consider the trial record as a whole, and is to ignore harmless errors 'including most constitutional violations.'" *Id.*, quoting *Lott* at 166.

{¶14} Ms. Dudley argues that the prosecutor engaged in misconduct during closing argument when he indicated that police officers activated their overhead lights in an attempt to stop Ms. Dudley's vehicle, and that Ms. Dudley sped away and eluded capture, which was not supported by the evidence. This Court's review of the prosecutor's closing argument, however, indicates that the prosecutor was simply providing a hypothetical example – which did not include the use of Ms. Dudley's name – and was not suggesting that Ms. Dudley fled from the police. Even if the prosecutor had intended such a suggestion, our review of the record as a whole indicates that Ms. Dudley received a fair trial, and that the prosecutor's remark did not affect the outcome of the trial. Accordingly, Ms. Dudley's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED PLAIN AND PREJUDICIAL ERROR IN ALLOWING THE PROSECUTOR TO MISLEAD THE JURY ABOUT "FLIGHT" BY A DEFENDANT WITHOUT GIVING AN INSTRUCTION TO THE JURY ABOUT SUCH EVIDENCE.

{¶15} In her second assignment of error, Ms. Dudley asserts that the trial court committed plain and prejudicial error by allowing the prosecutor to mislead the jury about Ms. Dudley's "flight" from the Macy's department store without giving a jury instruction in that regard. Ms. Dudley acknowledges that her trial counsel objected to the prosecutor's statements at trial, but notes that he did not request a supplemental jury instruction on "flight." She, therefore, argues that her trial counsel's failure to request a supplemental instruction requires this Court to review the matter under the plain-error standard.

{¶16} Despite asserting that the plain-error standard applies, Ms. Dudley has not developed an argument in that regard. She simply cites case law explaining the plain-error

standard, and concludes that "[i]n light of the prejudicial and misleading nature of the prosecutor's remarks * * *, it was plain error for the trial court not to give the jury a clarifying instruction on 'flight[.]'" Such a conclusory statement is insufficient for purposes of establishing error on appeal. *See* App.R. 16(A)(7). As this Court has consistently stated, "[i]f an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998), citing App.R. 12(A)(2) and 16(A)(7). Accordingly, this Court disregards Ms. Dudley's second assignment of error.

### III.

**{¶17}** Erika Dudley's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.