[Cite as *State v. Shelton*, 2024-Ohio-249.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                           No. 112649

    v.                                    :

AMIA SHELTON,                           :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 25, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-660472-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Christopher Woodworth, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Amia Shelton ("appellant") appeals her conviction for robbery in this case. Upon review, we affirm.

{¶ 2} In June 2021, appellant was charged along with a codefendant, D'Vaun Price, under a three-count indictment with aggravated robbery, felonious assault, and robbery. The case proceeded to a bench trial. Appellant was found not guilty of aggravated robbery and felonious assault as charged in Counts 1 and 2 of the indictment, which counts identify Robert Garrity as the victim. Appellant was found guilty of robbery as charged in Count 3, a felony of the second degree in violation of R.C. 2911.02(A)(2), which count identifies Marcia Sachs as the victim. The trial court sentenced appellant to four years of community control. Appellant has appealed her robbery conviction.

{¶ 3} Testimony at trial revealed that appellant was a tenant at a property located on East 32nd Street in Cleveland. She rented the property from Robert Garrity and Marcia Sachs, who lived across the street. Appellant did not renew her lease and vacated the property. On May 10, 2021, appellant sent a text message to Garrity to inquire about the return of her security deposit. Appellant was informed that a letter had been sent, that her security deposit would not be returned, and that an additional amount was owed. Garrity described the property as "trashed." Appellant went to Garrity's office door the same day, and she was asked to leave. An incident then transpired outside the office that was captured on multiple security cameras. The video evidence was introduced.

{¶ 4} Sachs, who is Garrity's wife, had arrived in her vehicle and was in the street. Garrity came out from his office. Price, who was with appellant on the sidewalk, walked up to the property's gate. All four were involved in the incident.

Garrity asked Price to step off his property and began recording the encounter on his cell phone. Garrity then started walking across the street, away from appellant and Price, toward his home. Price approached Garrity in a face-to-face confrontation in the street. Appellant took the cell phone out of Garrity's hands, he tried to grab it back from her, the phone went flying, and the two of them ended up on the ground. Price then started punching Garrity, while Garrity was on the ground. Sachs picked up her husband's phone, and it appears from the video footage that she was recording the attack on Garrity. According to Sachs's testimony and as depicted in the video footage, appellant "then came over to me and grabbed the phone from my hands pushing me to the ground." Sachs testified that she sustained a bruise to her thigh when she landed on the street. Sachs attempted to get the phone back from appellant. Sachs testified that "[i]t was kind of like * * * grabbing back and forth, but * * * [s]he was much stronger than I am so she had the phone." Appellant and Price then headed down the street toward their vehicle with the phone. Sachs checked on Garrity, who was injured and dazed. Sachs then ran after appellant and Price, who were in their vehicle, but they backed out of the one-way street. Garrity went to an emergency room for treatment. The police recovered the phone.

{¶ 5} Appellant testified that as Garrity and Price were having a face-to-face confrontation in the street, she "just wanted the phone out of the conversation" and "felt like if the phone wasn't involved, maybe we could talk." She testified that she tried to swat the phone or get it out of Garrity's hands, but she claimed she had no

intention of stealing the phone. However, she conceded she then took the phone from Sachs and that she refused to give it back. She claimed that she was not trying to keep the phone and that after she left in the vehicle with Price, she realized the phone was in the vehicle's cupholder. She testified that she tossed the phone out the window of the vehicle.

{¶ 6} Other testimony and evidence were presented, which this court has reviewed.

{¶ 7} Under her sole assignment of error, appellant claims her conviction for robbery is against the manifest weight of the evidence.

{¶ 8} When evaluating a claim that a verdict is against the manifest weight of the evidence, "we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial." *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, 114 N.E.3d 1092, ¶ 168, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Reversing a conviction based upon the weight of the evidence should occur "'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 9} Appellant was convicted of robbery in violation of R.C. 2911.02(A)(2), which provides that "[n]o person, in attempting or committing a theft offense * * *

shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]" Under R.C. 2901.01(A)(3), "[p]hysical harm to persons" is defined as "any injury, illness, or other physiological impairment, regardless of its gravity of duration."

{¶ 10} Appellant argues the record in this matter shows that the offense is theft, not robbery. Appellant claims that the weight of the evidence does not support that she threatened or inflicted physical harm when she took the phone from Sachs. Appellant asserts the testimony by Sachs that she sustained a bruise on her thigh was uncorroborated, no photos were taken of Sachs's bruise, no testimony was provided offering further details about the bruise, Sachs was able to run after appellant and Price, and it was not reported to the police that Sachs was harmed. Appellant further argues that she had no intention of inflicting harm or of taking the phone when she grabbed it. She asserts that although she did ultimately leave with the phone, the theft occurred when she failed to return it. We are not persuaded by her argument.

{¶ 11} In this matter, Sachs offered a credible account of what transpired. She testified that appellant physically took the phone from her after Sachs had recovered it from the ground, and in doing so, appellant pushed Sachs to the ground, thereby inflicting a bruise to her thigh, which is physical harm. Sachs also testified appellant was stronger than she, and the video evidence showed appellant pushed Sachs onto a paved street, which is when Sachs stated she sustained a bruise. A reasonable inference could be made that Sachs was injured when she landed on the

pavement. Sachs was not required to seek medical treatment or present photographs of the bruise to corroborate her injury. *See State v. Dudley*, 9th Dist. Summit No. 28364, 2017-Ohio-7044, ¶ 10. The record further reflects that after appellant took the phone from Sachs, she did not return the phone. Our review reflects all the elements of the robbery offense were satisfied. We are not persuaded by appellant's arguments otherwise.

{¶ 12} After reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we do not find the trial court clearly lost its way and created such a manifest miscarriage of justice that the adjudication must be reversed. This is not the exceptional case in which the evidence weighs heavily against the conviction.

{¶ 13} The appellant's sole assignment of error is overruled.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
MICHAEL JOHN RYAN, J., CONCUR