THE STATE, EX REL. FOSTORIA DAILY REVIEW COMPANY, *v.*
FOSTORIA HOSPITAL ASSOCIATION ET AL.

[Cite as State, ex rel. Fostoria Daily Review Co., *v.* Fostoria Hosp. Assn. (1988),
40 Ohio St. 3d 10.]

(No. 87-2055—Submitted September 20, 1988—Decided November 30, 1988.)

*Baker & Hostetler* and *David L. Marburger,* for relator.

*Shumaker, Loop & Kendrick, H. Francis McDaniel, Jr., Timothy C.*

*McCarthy* and *Robert A. Koenig,* for respondents.

*Baker & Hostetler* and *Susan M. Gilles,* urging allowance for *amici curiae,* Associated Press et al.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Simon B. Karas,* urging allowance for *amicus curiae,* Attorney General of Ohio.

*Timothy D. Smith,* urging allowance for *amicus curiae,* Common Cause/Ohio.

*Bricker & Eckler, James J. Hughes, Jr.* and *Richard T. Taps,* urging denial for *amicus curiae,* Ohio Hospital Association.

*Per Curiam.* For the reasons stated below, we hold that Fostoria City Hospital is a public office whose public records must be disclosed by FHA. Therefore, we grant the writ.

This court held in *State, ex rel. Fostoria Daily Review Co.,* v. *Fostoria Hosp. Assn.* (1987), 32 Ohio St. 3d 327, 512 N.E. 2d 1176, that mandamus is not available to one seeking public records because there is an adequate remedy at law. Thereafter, the General Assembly amended R.C. 149.43 to permit a mandamus action to obtain public records, specifically expressing its intent to supersede the effect of *Fostoria Daily Review, supra.* See Section 3 of S.B. 275, effective October 15, 1987. Thus, the instant action is before this court for a decision on the merits.

"Mandamus will lie where a court finds that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law." (Citations omitted.) *State, ex rel. Plain Dealer Publishing Co.,* v. *Lesak* (1984), 9 Ohio St. 3d 1, 3, 9 OBR 52, 53, 457 N.E. 2d 821, 822-823.

Relator argues that Fostoria City Hospital is a public institution of the city of Fostoria and that the records documenting its operation are public records. Respondents focus their argument on the status of FHA as the body ultimately responsible for the management and operation of the hospital and as the custodian of the records in question. Since FHA is a private, nonprofit corporation, respondents argue, R.C. 149.43 may not be applied to compel disclosure of the records relator seeks.

All public records are to be promptly prepared and made available to any person seeking them. R.C. 149.43(B). A "public record" is defined in R.C. 149.43(A)(1) as:

"* * * [A]ny record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, except medical records, records pertaining to adoption, probation, and parole proceedings, records pertaining to actions under section 2151.85 of the Revised Code and to appeals of actions arising under that section, records listed in division (A) of section 3107.42 of the Revised Code, trial preparation records, confidential law enforcement investigatory records, and records the release of which is prohibited by state or federal law."

"Public office" is defined in R.C. 149.011(A) as:

"* * * [A]ny state agency, public institution, political subdivision, or any other organized body, office, agency, institution, or entity established by the laws of this state for the exercise of any function of government."

In *State, ex rel. Fox,* v. *Cuyahoga Cty. Hosp. System* (1988), 39 Ohio St. 3d 108, 529 N.E. 2d 443, paragraph one of the syllabus, we stated that:

"A public hospital, which renders a public service to residents of a county

and which is supported by public taxation, is a 'public institution' and thus a 'public office' pursuant to R.C. 149.011(A), making it subject to the public records disclosure requirements of R.C. 149.43."

Thus, if we find that a particular hospital is a public hospital, renders a public service to residents, and is supported by public taxation, we must hold that it is a public office required to disclose its public records.

In the instant case, the main hospital building was originally leased pursuant to R.C. 749.35, which authorizes the lease of a city-owned hospital building to a nonprofit corporation for use as a general hospital. See, also, R.C. 140.05. According to R.C. 749.35, if the nonprofit corporation fails to operate the hospital as a public general hospital, the lease may be terminated and the control and management of the hospital, including equipment, revert to the city.

The instant lease embodies these terms. Moreover, the Fostoria City Hospital is the only hospital within the city of Fostoria. Thus, under the law and the facts, the Fostoria City Hospital is a public hospital that renders a public service to the residents of the city.

The next question, whether the hospital is supported by public taxation, must also be answered in the affirmative. In *Cleveland Elec. Illum. Co.* v. *Cleveland* (1988), 37 Ohio St. 3d 50, 524 N.E. 2d 441, this court, in holding that a city may not support a municipally owned public utility with tax-generated revenue where such support is banned by the city charter, stated:

"It cannot be disputed that once the debt is excused, Muni Light becomes a tax supported utility, since the money advanced was taken from tax-generated city funds." *Id.* at 53, 524 N.E. 2d at 444.

Further, at 54, 524 N.E. 2d at 445, the court stated:

"Nor are the words 'non-tax supported' *limited* in their prohibitive effect to outright transfers of tax-generated funds to utilities such as Muni Light. Support in any form is forbidden where such support is derived from tax revenue. Any money advanced to Muni Light from the general fund or other tax-generated source on terms substantially more favorable than those generally available in the commercial market constitutes 'support' to the extent that Muni Light enjoys a benefit therefrom. Where a 'non-tax supported' utility receives an advancement from a tax-generated fund on terms which call for, as an example, interest payments far lower than the prevailing rate, or which set forth an unrealistically lengthy repayment schedule, the advancement provides 'support' in much the same manner as an outright gift. Should this occur, the utility would become tax supported in violation of the city charter."

Just as excusing a debt to the city is support from tax-generated revenue, so is the rent-free use of a building leased from a city support by public taxation. Rent is a major expense for any commercial endeavor. Fostoria City Hospital's Director of Finance testified that the hospital property could command rent in the open market. By excusing the payment of rent, the city provided support. The city did not collect money to which it normally would have been entitled. Receiving rent would have increased the city's income, enabling it to provide greater services to its citizens. Instead, this income was lost, and the purposes to which it would have been applied had to be funded from other public sources. Therefore, the rent-free use of the hospital constituted support by public taxation.

Since Fostoria City Hospital meets all the criteria stated in paragraph one of the syllabus in *State, ex rel. Fox,* v. *Cuyahoga Cty. Hosp. System, supra,* it is a public institution, and its public records must be disclosed by FHA under R.C. 149.43.

Respondents argue that many of the records, even if deemed to be public records, are not subject to public disclosure as they are otherwise privileged or confidential. Under paragraph two of the syllabus in *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland* (1988), 38 Ohio St. 3d 79, 526 N.E. 2d 786, FHA, as custodian of the records, has the burden to prove that these records are excepted from disclosure. Furthermore, the court in which the action is filed must make an individualized scrutiny of the records. *Id.* at paragraph four of the syllabus. If the records contain excepted information, the court must redact the information, but must release the remainder. *Id.* See, also, *State, ex rel. Outlet Communications, Inc.,* v. *Lancaster Police Dept.* (1988), 38 Ohio St. 3d 324, 526 N.E. 2d 786. Due to the limited nature of the record before this court, we cannot determine which portions, if any, of the records should be suppressed and which must be released. However, we will review these matters if the record is amplified. Absent such amplification by respondents within thirty days of this order, the objections presented by respondents will be deemed withdrawn.

Finally, relator seeks an award of attorney fees. In paragraph two of the syllabus in *Fox, supra,* we stated:

"The award of attorney fees under R.C. 149.43(C) is not mandatory."

As in *Fox,* we find that there was a reasonable legal basis for respondents' refusal to produce the requested documents, and we deny relator's request for attorney fees.

The writ of mandamus is allowed subject to the conditions set forth above.

*Writ allowed.*

MOYER, C.J., HOLMES and H. BROWN, JJ., concur.

LOCHER, J., concurs in judgment only.

SWEENEY and DOUGLAS, JJ., concur in part and dissent in part.

WRIGHT, J., not participating.

DOUGLAS, J., concurring in part and dissenting in part. I concur with the majority that the Fostoria City Hospital is a public institution and, therefore, its public records must be disclosed pursuant to R.C. 149.43. I respectfully dissent from the part of the judgment of the majority which denies attorney fees to relator. I do so based on my dissents in *State, ex rel. Cincinnati Post,* v. *Schweikert* (1988), 39 Ohio St. 3d 603, 527 N.E. 2d 1230, and *State, ex rel. Fox,* v. *Cuyahoga Cty. Hosp. System* (1988), 39 Ohio St. 3d 108, 529 N.E. 2d 443.

SWEENEY, J., concurs in the foregoing opinion.