THE STATE, EX REL. BEACON JOURNAL PUBLISHING COMPANY, APPELLANT, *v.*
AKRON METROPOLITAN HOUSING AUTHORITY ET AL., APPELLEES.

[Cite as State, ex rel. Beacon Journal Publishing Co., *v.*
Akron Metro. Hous. Auth. (1989), 42 Ohio St. 3d 1.]

(No. 88-1025—Submitted January 10, 1989—Decided March 29, 1989.)

*Porter, Wright, Morris & Arthur, Robert E. Portune* and *Thomas H. Pyper,* for appellant.

*David L. Jamison* and *Jacqueline Silas,* for appellees.

*Per Curiam.* In its first proposition of law, the Beacon Journal contends that R.C. 149.43(C) requires an attorney fee award in this case. In its second proposition, it argues that even if the award of attorney fees is discretionary, the good or bad faith of the party against whom such an award is sought is not a factor to be considered where specific statutory authority exists for the award. However, both of these arguments fail in light of *State, ex rel. Fox,* v. *Cuyahoga Cty. Hosp. System* (1988), 39 Ohio St. 3d 108, 529 N.E. 2d 443.

At paragraph two of the syllabus in *Fox,* this court held that "[t]he award of attorney fees under R.C. 149.43(C) is not mandatory." Moreover, we implicitly held that a non-disclosing party's good faith may be properly examined when deciding whether to allow attorney fees to the prevailing party under the statute. *Id.* at 112, 529 N.E. 2d at 447.

The Beacon Journal also urges in its reply brief that the court of appeals abused its discretion by failing to find that the AMHA acted in bad faith in denying access to the instant application materials. Essentially, the Beacon Journal's position is that R.C. 149.43, with the recent amendments in effect at the time of the requests for the materials, so clearly requires the AMHA to disclose these materials that it could have refused to do so only in bad faith.

An abuse of discretion is more than an error of law or judgment. It implies an attitude on the part of the court that is unreasonable, arbitrary, or unconscionable. *Ojalvo* v. *Bd. of Trustees of Ohio State Univ.* (1984), 12

Ohio St. 3d 230, 232, 12 OBR 313, 315, 466 N.E. 2d 875, 877. Here, the court of appeals found no evidence of bad faith after considering that the AMHA had attempted to resolve this dispute through compromise and that there was little precedent interpreting the current version of R.C. 149.43(A)(1). We are not convinced that the appellate court abused its discretion in reaching this result.

For the reasons stated above, we affirm the judgment of the court of appeals denying the requested award of attorney fees.

*Judgment affirmed.*

MOYER, C.J., HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.

DOUGLAS, J., dissenting. I respectfully dissent. Once again this court has missed the opportunity to carry out the intention of the General Assembly in placing real teeth in the Public Records Law, R.C. 149.43. I would reverse the judgment of the court of appeals and allow attorney fees to appellant in accordance with my concurring and dissenting opinion in *State, ex rel. Fox,* v. *Cuyahoga Cty. Hosp. System* (1988), 39 Ohio St. 3d 108, 112, 529 N.E. 2d 443, 447.

SWEENEY, J., concurs in the foregoing dissenting opinion.