THE STATE, EX REL. MULTIMEDIA, INC., D.B.A. WLW-TV5, *v.* WHALEN, CHIEF.

[Cite as State, ex rel. Multimedia, Inc., *v.* Whalen (1990), 51 Ohio St. 3d 99.]

(No. 89-1757—Submitted March 6, 1990—Decided May 23, 1990.)

*Frost & Jacobs* and *Richard M. Goehler,* for relator.

*Richard A. Castellini,* city solicitor, and *Karl P. Kadon III,* for respondent.

*Per Curiam.* We have held that an award of attorney fees in public records cases is discretionary and is to be determined by the presence of a public benefit conferred by relator seeking the disclosure. Moreover, since the award is punitive, reasonableness and good faith of the respondent in refusing to make disclosure may also be considered. *State, ex rel. Fox,* v. *Cuyahoga Cty. Hosp. System* (1988), 39 Ohio St. 3d 108, 529 N.E. 2d 443; *State, ex rel. Mazzaro,* v. *Ferguson* (1990), 49 Ohio St. 3d 37, 550 N.E. 2d 467.

In this case, the public benefit is manifest. Relator, a commercial television station, brought this action "so that complete and accurate news reports can be broadcast and reported to the public."

As to reasonableness and good faith, we look to respondent's reasons for not disclosing the records, as stated in his brief on the primary issue. Respondent argued mainly that the records were subject to a common-law executive privilege excepting them from disclosure because they were part of an ongoing criminal investigation. We summarily rejected that argument, stating in 48 Ohio St. 3d at 41-42, 549 N.E. 2d at 168, that it contradicted R.C. 149.43(A)(2), which shields confidential law enforcement investigatory records from disclosure only on specific and much narrower grounds. We also gave no credence to respondent's related argument that the very existence of the common-law executive privilege, applicable in discovery actions, meant that relator could establish no clear right to relief. *Id.* at 42, 549 N.E. 2d at 168. Finally, we found baseless respondent's argument that relator had an adequate remedy at law by appealing to his superiors in the city administration, noting that respondent admitted in his answer that he had responsibility for the custody and maintenance of the records. *Id.* Thus, we ascribed no substantial weight to any of respondent's arguments.

In his memorandum opposing attorney fees, respondent cites *State, ex rel. Fostoria Daily Review Co.,* v. *Fostoria Hosp. Assn.* (1988), 40 Ohio St. 3d 10, 531 N.E. 2d 313, as an example where attorney fees were denied even though a defense similar to the one at bar was made. In that case, the respondent did at first argue that "many of the [hospital] records, even if deemed to be public records, are not subject to public disclosure as they are otherwise privileged or confidential." *Id.* at 13, 531 N.E. 2d at 316. However, when the records in question were submitted for *in camera* inspection, it became clear that the respondent's argument was based on R.C. 2305.251, which makes certain hospital records confidential, and not on a gossamer theory of executive privilege. Moreover, after the *in camera* inspection, we redacted some of the records pur-

suant to that statute, as requested by respondent. See 44 Ohio St. 3d 111, 541 N.E. 2d 587. Thus, the cases are clearly distinguishable.

Respondent also cites *State, ex rel. Beacon Journal Publishing Co.,* v. *Akron Metro. Hous. Auth.* (1989), 42 Ohio St. 3d 1, 535 N.E. 2d 1366, as a similar case where no attorney fees were awarded. That case involved non-disclosure of information about applicants for the position of executive director of the housing authority, which the housing authority believed was exempt under R.C. Chapter 1347, the state Privacy Act. The trial court disagreed and ordered the records disclosed, but did not award attorney fees. On appeal, we held that the trial court did not abuse its discretion in failing to award attorney fees. Therefore, two facts distinguish that case from this case: (1) there, respondents at least based their argument on a clearly identifiable and arguably relevant statute, and (2) the trial court's decision not to award attorney fees would have to have been unreasonable, arbitrary, or unconscionable to merit reversal. *Id.* at 2, 535 N.E. 2d at 1367. Since the award of attorney fees is a matter of discretion for the trial court, we could not make such a finding. However, this does not prevent us from refining the issue when we are the trial court.

Similarly, and lastly, respondent cites *State, ex rel. Petty,* v. *Wurst* (1989), 49 Ohio App. 3d 59, 550 N.E. 2d 214. In that case, the trial court rejected the respondent's defense that the names, salary rate, and total compensation of certain county employees were protected by constitutional privacy rights, but found this to be a "reasonable legal argument," *id.* at 61, 550 N.E. 2d at 217, and refused to award attorney fees. The court found that invasion of privacy only " 'occurs

when disclosure would subject a person to embarrassment, harassment, physical danger, disgrace, or loss of employment or friends.' " *Id.,* citing *Kilroy* v. *Natl. Labor Relations Bd.* (S.D. Ohio 1985), 633 F. Supp. 136, affirmed (C.A. 6, 1987), 823 F. 2d 553. We find that testing constitutional privacy claims, like the testing of statutory privacy claims in *Akron Metro. Hous. Auth., supra,* is a reasonable, uncontrived defense which is distinguishable from respondent's executive privilege theory here, and we distinguish the cases on that basis.

In conclusion, we find respondent's refusal to disclose the records in this case to be an unreasonable attempt to avoid the clear mandate of the statute. Since we have also found a clear public benefit, we order respondent to pay relator $4,365 in attorney fees.

*Application allowed.*

MOYER, C.J., SWEENEY, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurs in judgment only.

HOLMES, J., dissents.

DOUGLAS, J., concurring in judgment only. Finally, the majority has found its way in awarding attorney fees in an R.C. 149.43 public records case. Unfortunately, the majority has awarded fees for the wrong reason(s) and, thus, I concur only in the judgment.

R.C. 149.43 does not contain a "public benefit," "reasonableness" and/or "good faith" requirement for the award of fees. Such tests have been invented by a majority of this court, then written into the statute (which we have again and again been told is the

job only of the General Assembly; as just one example, see the dissenting opinions in *Greeley* v. *Miami Valley Maintenance Contrs., Inc.* [1990], 49 Ohio St. 3d 228, 551 N.E. 2d 981), and pounded home in a series of opinions.

R.C. 149.43(C) is clear. Hopefully, some day we will enforce it as written.