BRUNSON et al., Appellants,

v.

WOODLAND ARBORETUM CEMETERY ASSOCIATION et al., Appellees.

[Cite as *Brunson v. Woodland Arboretum Cemetery Assn.* (1996), 109 Ohio App.3d 152.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15365.

Decided Feb. 9, 1996.

*Emerson Carey, Jr.,* for appellants.

*Jeffrey B. Bogart* and *Linda Holmes,* for appellees.

FAIN, Judge.

Relators-appellants Glenda Brunson, Robin Brunson, Joy Lane, and Clark Wesley Brunson, Jr. ("appellants") appeal from the trial court's denial of their petition for writ of mandamus against Woodland Arboretum Cemetery Association ("Woodland") to permit the disinterment of the deceased, Sheila Wilkins. The relators-appellants, who are the deceased's next of kin, contend that they were the proper parties to request disinterment under R.C. 517.23 and that the trial court erred in denying their request for a writ of mandamus to require the cemetery to permit the disinterment. Because we conclude that R.C. 517.23 does

not confer a clear legal right upon relators-appellants, as the deceased's next of kin, to the disinterment, we affirm the judgment of the trial court.

## I

Appellants sought a writ of mandamus against Woodland to compel the disinterment of the body of Sheila Wilkins. Appellants are the deceased's next of kin, including the mother of the deceased, Glenda Brunson, the sisters of the deceased, Robin Brunson and Joy Lane, and the brother of the deceased, Clark Wesley Brunson, Jr. The decedent's surviving spouse, Lloyd H. Wilkins ("Wilkins"), appeared in the action, has filed a brief as "respondent-appellee," and appears to have been treated by the trial court and by the relators as a real party in interest, despite the fact that this action lies, at least in form, against Woodland.

The material facts are not in dispute. On September 26, 1993, Sheila Wilkins, who was eight-and-a-half months pregnant, died in Cobb County, Georgia. The deceased and Lloyd Wilkins were married on October 10, 1992 and had been living together in Cobb County, Georgia at the time of her death. On September 26, 1993, Wilkins summoned local police and emergency medical personnel to his residence after finding the deceased submerged in a bathtub full of water. Efforts to resuscitate Sheila Wilkins were unsuccessful, and she was declared dead on arrival at the Cobb Hospital Emergency Room. Cobb County Associate Medical Examiner, Steven R. Dunton, M.D., M.E., performed a postmortem examination and autopsy of Sheila Wilkins and determined that the cause of death was an accidental drowning from a blunt-force trauma to the head incurred when the deceased fell in the tub and struck her head.

Although Sheila Wilkins died in Cobb County, Georgia, she was interred at Woodland in Dayton, Montgomery County, Ohio. Appellants assert that Glenda Brunson handled all funeral arrangements and incurred the costs of the burial not covered by the deceased's insurance; however, the trial court noted that "nothing was presented to the Court to indicate who assumed any financial responsibility for the funeral and associated expenses."

At the time of death, the deceased was insured for approximately $300,000 through several life insurance policies naming Lloyd Wilkins as the sole beneficiary. The trial court concluded that $163,000 of the insurance coverage was provided through either Wilkins's or the decedent's employer, and that the remaining $137,000 of coverage was purchased independently by Wilkins.

Despite the coroner's conclusion about the death being accidental, appellants suspected that Wilkins killed the decedent. Accordingly, appellants notified the insurers of their suspicions and asserted claims for the insurance proceeds. The

issuing insurance companies, who do not contest the payment of the proceeds, filed an interpleader action in the United States District Court of Georgia for a court order as to whom the insurance proceeds should be paid.

Appellants obtained independent analysis of the evidence in the case from Kenneth Betz, the Director of the Montgomery County, Ohio Coroner's Office, and Dr. James Q. Whitaker, M.D., the President of Pathology Institute of Middle Georgia, P.C. As a result of their conclusions, appellants believed that an exhumation autopsy would reveal information that would clarify their questions regarding the cause of death and would therefore be determinative of who should be paid the proceeds of the policies. On this basis, the period of discovery in the federal action was extended so that appellants could seek permission from the appropriate parties to exhume the body of Sheila Wilkins and have a disinterment autopsy performed.

Approximately two years after the burial of Sheila Wilkins, appellants filed an application pursuant to R.C. 517.23 with Woodland requesting a disinterment of the body on the basis that "there were circumstances surrounding the death of Sheila Wilkins which lead her immediate family to suspect that the cause of death may be other than accidental." Wilkins notified Woodland of his objection to the disinterment request. The cemetery, through a letter from its attorney, refused the request for disinterment on the basis that "the 'next-of kin' do not have standing [to request disinterment] under current Ohio Law."

Upon the cemetery's refusal to perform the disinterment, pursuant to R.C. 517.25, appellants filed this petition for a writ of mandamus against Woodland with the Montgomery County Court of Common Pleas. Appellants argued that, as the next of kin of the deceased, they had standing under R.C. 517.23 to request disinterment. Moreover, they asserted that their request for disinterment must be granted, even in the face of the surviving spouse's objection, because the balance of equities in the situation weighed in favor of disinterment.

Wilkins filed a memorandum in opposition to the petition for writ of mandamus in which he raised objections to the next of kin's standing to request disinterment under R.C. 517.23. He also asserted that appellants failed to present any compelling reason to justify the exhumation of the deceased over his objections as the surviving spouse.

Without addressing the threshold issue of appellants' standing to request disinterment under R.C. 517.23, the trial court applied the five-part balancing test utilized by this court in *Spanich v. Reichelderfer* (1993), 90 Ohio App.3d 148, 628 N.E.2d 102, concluded that principles of equity did not weigh in favor of disinterment in this case, and overruled appellants' petition for a writ of mandamus.

Appellants appeal from the trial court's denial of their petition for a writ of mandamus.

## II

Appellants' sole assignment of error is as follows:

"The trial court erred to the prejudice of petitioners in denying their writ of mandamus."

■ Mandamus will lie where a court finds that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. *State ex rel. Fostoria Daily Review Co. v. Fostoria Hosp. Assn.* (1988), 40 Ohio St.3d 10, 531 N.E.2d 313. In the case before us, we conclude that appellants fail to satisfy the first two prongs of the test for mandamus. They have demonstrated neither that they have a clear legal right to the exhumation of the body nor that Woodland has a clear legal duty to perform the exhumation.

Appellants rely upon the procedure for requesting disinterment of a body buried in a cemetery set forth in R.C. 517.23 through 517.25. This process requires the appropriate requesting party to make a written application for disinterment to the governing body of the cemetery. R.C. 517.23 and 517.24. If the governing body of the cemetery refuses to permit disinterment upon proper application, the party requesting disinterment shall petition the court of common pleas for a writ of mandamus requiring the cemetery to permit the disinterment. R.C. 517.25.

R.C. 517.23 states:

"[O]n application of the surviving spouse of the deceased or, if the deceased had no surviving spouse, on application of the person who assumed financial responsibility for the funeral and burial services of the deceased, [the cemetery] shall disinter or issue a permit for such disinterment * * *."

■ The current version of R.C. 517.23 was adopted by the Ohio General Assembly in 1987. The former version of R.C. 517.23 required cemeteries to permit disinterment upon the application of "the next of kin." By replacing "next of kin" with "surviving spouse," the General Assembly granted a surviving spouse the primary right to request disinterment.

In *Spanich v. Reichelderfer, supra,* 90 Ohio App.3d 148, 628 N.E.2d 102, this court expressly recognized a surviving spouse's primary and paramount right to possession and control of the body of a decedent for purposes of burial, but, at the same time, determined that those rights were not absolute and were subject to judicial control. In *Spanich,* the trial court concluded that the surviving

spouse sought disinterment in an attempt to gain leverage with the deceased's next of kin in a dispute pertaining to the distribution of the estate, and, therefore, granted the deceased's next of kin's request for a permanent injunction prohibiting the disinterment. When reviewing the propriety of the trial court's permanent injunction on appeal, this court applied a five-part balancing test to determine if a court may use its equitable powers to limit a spouse's power to seek disinterment. After considering the facts of the case, we concluded that the trial court properly granted the injunction preventing disinterment based on our conclusion that the surviving spouse had waived his rights to control the body of the deceased.

In the case before us, appellants rely upon cases interpreting the former version of R.C. 517.23 and our holding in *Spanich* to support their contention that next of kin have standing to request disinterment under R.C. 517.23. Furthermore, appellants assert that based upon an application of the five-part balancing test adopted by this court in *Spanich* to weigh the equities of a surviving spouse's disinterment request, the trial court's denial of the writ of mandamus was erroneous. In response, Wilkins reasserts his contention that appellants, as next of kin, have no standing under R.C. 517.23 to request the disinterment. Alternatively, Wilkins argues that appellants failed to present any compelling reason to justify the disinterment and that the trial court properly refused to grant the writ of mandamus.

We are satisfied that R.C. 517.23 confers no clear right upon any person other than the decedent's surviving spouse, where there is a surviving spouse, to require the exhumation of the body of the decedent. Whether interested persons other than the surviving spouse might have standing to apply for equitable relief where equitable considerations weigh in favor of exhumation is a question that is not before us.[1] The remedy of mandamus requires the existence of a clear legal right, and by its own terms, R.C. 517.23, which also specifically provides for the remedy of mandamus, reposes the right to require the exhumation of a body exclusively in the decedent's surviving spouse where there is a surviving spouse.

Based upon the plain language of R.C. 517.23, we agree that appellants, as the deceased's next of kin, were not the proper parties to request disinterment. Although the previous version of R.C. 517.23 required that the request for disinterment be made by the next of kin, the General Assembly stripped the next of kin of this ability when it replaced "next of kin" with "surviving spouse" in the amended version of R.C. 517.23. The plain language of R.C. 517.23 clearly

---

1. Although it is necessarily dictum for us to say so, we note that we find persuasive the trial court's decision finding that the equities in this case weigh against ordering the exhumation of the decedent's body.

provides that the cemetery should permit disinterment upon application of the *surviving spouse,* and *if no spouse survives,* upon application of one who assumed financial responsibility for payment of burial costs. Accordingly, because Wilkins survives as the spouse of the deceased, those who assumed financial responsibility for the burial have no standing to request disinterment pursuant to R.C. 517.23, the statute upon which appellants rely for the existence of a clear legal right entitling her to the remedy of mandamus.

We conclude that the trial court properly dismissed appellants' petition for a writ of mandamus. Accordingly, appellants' sole assignment of error is overruled.

### III

Appellants' sole assignment of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

GRADY and FREDERICK N. YOUNG, JJ., concur.