[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 1267.]

WHITE, APPELLANT, *v*. CLINTON COUNTY BOARD OF COMMISSIONERS ET AL.,
APPELLEES.

[Cite as *White v. Clinton Cty. Bd. of Commrs*., 1997-Ohio-250.]

*Public records—Determination on application for attorney fees and costs.*

(No. 95-953—Submitted October 8, 1996—Decided February 26, 1997.)

APPEAL from the Court of Appeals for Clinton County, No. CA94-08-20.

ON APPLICATION for Costs and Attorney Fees.

———————————

{¶ 1} On August 21, 1996, we decided the underlying issue in this case. We held that the mandamus relief ordered by the trial court was proper, and we awarded attorney fees because appellant relied upon R.C. 121.22 (the Sunshine Law) and 149.43 (the Ohio Public Records Act). *White v. Clinton Cty. Bd. of Commrs.* (1996), 76 Ohio St.3d 416, 667 N.E.2d 1223.

———————————

*Baker & Hostetler, David L. Marburger, Hilary W. Rule* and *Anthony J. Franze,* for appellant.

*Isaac, Brant, Ledman & Teetor, Mark Landes* and *Terri B. Gregori;* and *William E. Peele*, Clinton County Prosecuting Attorney, for appellees.

———————————

LUNDBERG STRATTON, J.

{¶ 2} This matter is now before the court on the application of appellant, Lizbeth A. White, for costs and attorney fees pursuant to R.C. 121.22 and 149.43. White seeks to recover $84,150 in attorney fees and $6935.04 in expenses and court costs incurred during this litigation. She has submitted evidence in the form of affidavits and fee bills from the two law firms that represented her at various times throughout this case.

**{¶ 3}** The version of R.C. 121.22(I)(2) in effect at the time appellant's cause of action arose provided for an award of "all court costs and reasonable attorney's fees." 144 Ohio Laws, Part II, 1858. R.C. 149.43(C) states that a person aggrieved by a failure to observe R.C. 149.43 may commence a mandamus action and receive reasonable attorney fees for the successful prosecution of such an action.

**{¶ 4}** An award of attorney fees in a public records case is discretionary and depends upon whether there has been a sufficient benefit bestowed upon the public to warrant the award. *State ex rel. Beacon Journal Publishing Co. v. Ohio Dept. of Health* (1990), 51 Ohio St.3d 1, 553 N.E.2d 1345; *State ex rel. Multimedia, Inc. v. Whalen* (1990), 51 Ohio St.3d 99, 100, 554 N.E.2d 1321, 1322. Because an award of attorney fees is punitive in nature, we look to whether a party was acting in good faith and had a reasonable legal basis for its failure to comply with the statute. *Id.*

**{¶ 5}** White's case was one of first impression. It involved the novel issue of the interpretation of R.C. 121.22, 149.43 and 305.10. There was little guidance in terms of case law that defined the scope of recordkeeping. Many county boards of commissioners, including the Clinton County Board, were operating under the belief that a bare-bones summary of a meeting was sufficient for purposes of maintaining statutorily required minutes. As a result of this case, county boards of commissioners must include sufficient facts and information in their records so that the public will understand and appreciate the rationale behind the decisions reflected in the records.

**{¶ 6}** The Clinton County Board of Commissioners maintained minutes of its meetings, but the minutes lacked sufficient detail to constitute a <u>full</u> record of the proceedings of the board. However, to the extent the records existed, the Clinton County Board acted in accordance with existing law and made the records available to the appellant upon request.

**{¶ 7}** In addition, upon review of the evidence submitted by the appellant for assessing the reasonableness of the attorney fees requested, we find that attorney

fees should not be awarded for the three causes of action appellant dismissed prior to trial. Appellant did not prosecute those claims and, therefore, is not entitled to recover attorney fees for work performed on those claims. We also find that there was duplication of effort in terms of research on identical issues performed by the two law firms representing appellant.

{¶ 8} Therefore, in light of the above findings, we find it reasonable to reduce the amount of attorney fees requested by $20,000.

{¶ 9} We also deny appellant's request for the recovery of $6,400 for preparation of the fee application, and the separate bills of $6,138.81 and $796.23 for litigation expenses. These items are not within the ambit of R.C. 149.43(C) and not within the definition of "costs." *State ex rel. Plain Dealer Publishing Co. v. Cleveland* (1996), 76 Ohio St.3d 1218, 1219, 667 N.E.2d 1232, 1232-1233. However, White is entitled to a refund of the filing fees of $150 and $40. *Id.*

{¶ 10} Therefore, we order appellees to pay appellant the sum of $57,750 in attorney fees and $190 as reimbursement for costs for a total of $57,940.

*Judgment accordingly.*

MOYER, C.J., F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

———————————

**DOUGLAS, J., dissenting.**

{¶ 11} I respectfully dissent. It is unclear to me what makes us competent to determine a figure for allowed attorney fees other than that which appears from the record to be fair and reasonable. Accordingly, I would allow the attorney fees and costs as submitted with the exception of the amount submitted for preparation of the fee bill. Because the majority does not do so, I respectfully dissent.

RESNICK, J., concurs in the foregoing dissenting opinion.

———————————