[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 1234.]

THE STATE EX REL. GANNETT SATELLITE INFORMATION NETWORK, INC.,

D.B.A. THE CINCINNATI ENQUIRER, *v*. PETRO, STATE AUD., ET AL.

THE STATE EX REL. WARREN NEWSPAPERS, INC. *v*. COURT OF JURISDICTION OF

THE MAHONING VALLEY SANITARY DISTRICT ET AL.

[Cite as *State ex rel. Gannett Satellite Info. Network, Inc. v. Petro,*

*1998-Ohio-638.*]

*Public records—Applications for attorney fees and costs in mandamus action to*

*compel State Auditor to provide relators access to all records relied on in*

*audit of Mahoning Valley Sanitary District—Fees incurred as a result of*

*other efforts to obtain the same records, not related to mandamus action*

*against State Auditor, excluded from award.*

(Nos. 97-1876 and 97-1893—Submitted December 2, 1997—Decided March 4,

1998.)

IN MANDAMUS.

ON APPLICATIONS FOR ATTORNEY FEES AND COSTS.

———————————

{¶ 1} On October 3, 1997, we granted relators, Gannett Satellite Information Network, Inc., d.b.a. The Cincinnati Enquirer ("Gannett"), and the Warren Newspapers, Inc. ("Warren Newspapers"), writs of mandamus to compel respondent, State Auditor Jim Petro, to provide access to all records he relied on to complete a special audit of the Mahoning Valley Sanitary District ("MVSD"). *State ex rel. Gannett Satellite Info. Network, Inc. v. Petro* (1997), 80 Ohio St.3d 261, 685 N.E.2d 1223. We also granted relators' requests for attorney fees against Petro and ordered relators to submit bills and documentation to support their requests in accordance with the guidelines set forth in DR 2-106(B). 80 Ohio St.3d at 267-268, 685 N.E.2d at 1229.

**{¶ 2}** Pursuant to these orders, relators submitted applications for attorney fees. Gannett requests $17,291.50 in attorney fees, and Warren Newspapers requests $10,768 in attorney fees and disbursements, *i.e.*, litigation expenses. Petro filed a response to each fee application.

_____

*Graydon, Head & Ritchey*, *John C. Greiner* and *John A. Flanagan*, for relator Gannett Satellite Information Network, Inc.

*Arter & Hadden*, *Gregory V. Mersol*, *John B. Lewis* and *John P. Gartland*, for relator Warren Newspapers, Inc.

*Betty D. Montgomery*, Attorney General, and *Arthur J. Marziale*, *Jr.*, Assistant Attorney General, for respondent.

_____

***Per Curiam.***

**{¶ 3}** An award of attorney fees pursuant to R.C. 149.43 is intended to reimburse a party for the successful prosecution of a mandamus action necessary to obtain the disclosure of a public record. We have held that an award of attorney fees pursuant to R.C. 149.43 is punitive in nature. *State ex rel. Multimedia, Inc. v. Whalen* (1990), 51 Ohio St.3d 99, 100, 554 N.E.2d 1321, 1322. Consequently, the party against whom an award of fees is assessed should be responsible for those fees incurred only as a direct result of that party's failure to produce the public record.

**{¶ 4}** Gannett and Warren Newspapers submitted fee bills for work performed outside the prosecution of the mandamus action against respondent Jim Petro. Both Gannett and Warren Newspapers submitted fee bills for their work related to the prohibition action filed by Petro against the MVSD Court of Jurisdiction, a case in which neither one was a party. Both Gannett and Warren Newspapers also submitted fee bills for work performed in the mandamus action related to claims against the MVSD Court of Jurisdiction only. Although these fees

relate to the efforts of Gannett and Warren Newspapers to obtain the public records, they are not directly related to the prosecution of the mandamus action *against Petro*.

{¶ 5} The fees incurred by Gannett and Warren Newspapers during the jurisdictional dispute between Petro and MVSD Court of Jurisdiction should not be assessed against Petro despite Gannett's and Warren Newspapers' characterizing the fees as necessary to achieve the ultimate goal of recovering the public records. Once the dispute with MVSD Court of Jurisdiction was resolved, Gannett and Warren Newspapers then had a legitimate dispute with Petro for his withholding of certain records on other grounds. However, when Petro was subject to an order prohibiting his release of the records, any fees incurred at that time for the efforts of Gannett and Warren Newspapers to secure their disclosure should not be borne by Petro. Furthermore, the fees incurred by Gannett and Warren Newspapers in the mandamus action that can be attributed to prosecution of claims against MVSD Court of Jurisdiction only should not be assessed to Petro.

{¶ 6} Although Gannett and Warren Newspapers are entitled to reimbursement for attorney fees, the statute does not provide authority for a court to award reimbursement for fees related to every effort to obtain the public records. The statute provides only for attorney fees incurred in the prosecution of a mandamus action necessary to obtain disclosure of the public records. Fees incurred as a result of other efforts to obtain the same records, not related to the mandamus action *against Petro*, should be excluded from the award.

{¶ 7} The bills and documentation submitted by relators in support of their requests for attorney fees do not differentiate between the work performed in the mandamus action related to claims against the MVSD Court of Jurisdiction and prosecution of the action against Petro. Therefore, we order relators to submit additional evidence within ten days of the date of this opinion that categorizes and separates the work performed with respect to the action against Petro only in

accordance with our discussion above.  Respondent Petro shall have ten days from the date the additional evidence is filed to respond.

*Judgment accordingly*.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., not participating.

————————————