ON APPLICATION FOR WRIT OF MANDAMUS OPINION
Relators, the Beacon Journal Publishing Company and Marilyn Miller Roane, have petitioned this court for a writ of mandamus compelling the release of an unredacted incident report by Respondent, Wayne County Sheriff Thomas G. Maurer. This matter is before the court on Relators' motion for summary judgment and Respondent's cross-motion for summary judgment. For the reasons stated herein, Respondent's motion for summary judgment is granted in part and denied in part. Relators' motion, similarly, is granted in part and denied in part.
The parties stipulated to the following facts. An individual identified as Mr. Bob Huffman contacted the Wayne County Communications Center on February 28, 1999, indicating that he intended to force law enforcement officers to kill him. Mr. Huffman was shot and killed by an officer of the Wayne County Sheriff's office later on that date. On March 4, 1999, and March 8, 1999, Relator Marilyn Miller Roane requested release of (1) an incident report created by the Wayne County Sheriff's office and (2) a report prepared by the Buckeye State Sheriff's Association for the Wayne County Sheriff. Ms. Roane formally requested the release of the records, pursuant to R.C. 149.43, on March 15, 1999. Another request was made on March 16, 1999. Copies of the incident report were provided to Relators on March 18, 1999, but all identifying references to law enforcement officers were redacted. Ms. Roane requested an unredacted version of the report on March 18, 1999. Martin Franz, Wayne County Prosecuting Attorney, denied the request the following day. On March 26, 1999, Relators petitioned this court to compel the release of an unredacted version. Both parties moved for summary judgment.
A writ of mandamus will only issue upon a determination (1) that the relator has a clear legal right to the requested relief; (2) that the respondent is under a clear legal duty to perform the act requested; and (3) that no adequate remedy is available at law. State ex rel. Middletown Bd. of Edn. v. Butler Cty. BudgetComm. (1987), 31 Ohio St.3d 251, 253, citing State ex rel.Westchester v. Bacon (1980), 61 Ohio St.2d 42, paragraph one of the syllabus. In cases involving access to public records pursuant to R.C. 149.43, however, the relator need not demonstrate the absence of a adequate remedy at law. State ex rel. FindlayPublishing Co. v. Schroeder (1996), 76 Ohio St.3d 580, 582. See, also, R.C. 149.43(C).
Summary judgment is appropriate when:
 (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. The moving party must inform the court of the basis for the motion and must reference evidentiary materials, including "the pleading[s], depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any" that demonstrate that material facts are undisputed. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-293, quoting Civ.R. 56(C).
R.C. 149.43(B) requires that:
 [a]ll public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time.
Public records include any record kept by any public office, but do not include the records described in R.C. 149.43(A)(1)(a) through (p). R.C. 149.43(A)(1). The party opposing disclosure bears the burden of demonstrating that the records in question are not subject to disclosure. State ex rel. James v. Ohio StateUniv. (1994), 70 Ohio St.3d 168, 169. Exceptions must be construed liberally in favor of disclosure. See State ex rel. TheWarren Newspapers v. Hutson (1994), 70 Ohio St.3d 619, 621.
While the burden remains on Relators to demonstrate that they have a clear legal right to the information requested, therefore, we must be mindful that our analysis must proceed with the assumption that the documents requested are public records subject to disclosure. To avoid disclosure, Respondent must demonstrate that the records are subject to one of the statutorily defined exceptions. Respondent has argued that the incident report in question, in its unredacted form, is excepted from disclosure as a confidential law enforcement investigation record. See R.C.149.43(A)(1)(h). In the alternative, Respondent has maintained that the records were created in preparation for trial. See R.C.149.43(A)(1)(g). These arguments are addressed in reverse order.
 I.
Respondent has argued that the records are exempt from disclosure as a record kept in preparation for trial. See R.C.149.43(A)(1)(g) and R.C. 149.43(B). This exclusion applies to "any record that contains information that is specifically compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney." R.C. 149.43(A)(4). Reports authored by law enforcement officials as part of an investigation, but not initiated or supervised by attorneys, or compiled with the involvement of counsel, are not subject to this exclusion. State ex rel. Johnson v. Cleveland
(1992), 65 Ohio St.3d 331, 332. In addition, the Supreme Court of Ohio has rejected an expansive reading of the trial preparation exception, concluding that "[g]eneral criminal investigations * * * do not, as such, create investigative materials exempt from release as trial preparation records." State ex rel. Coleman v.Cincinnati (1991), 57 Ohio St.3d 83, 83-84. Accordingly, R.C.149.43(A)(1)(g) is inapplicable to this case.
 II.
Respondent has also argued that the records at issue are exempt from disclosure as confidential law enforcement investigative records pursuant to R.C. 149.43(A)(1)(h). In order to conclude that this exemption applies, this court must determine (1) that the records at issue are confidential law enforcement records, and (2) that access to the records would create a high probability that information described in R.C. 149.43(B) would be disclosed. See State ex rel. Vindicator Printing Co. v. Watkins
(1993), 66 Ohio St.3d 129, 136.
Although Relators have categorized the records at issue in this action as the "incident reports" prepared by responding officers, we note that the reports provided in their redacted form consist of two distinct types of documents: (1) the Ohio Uniform Incident Report form and (2) narrative/supplemental reports provided by responding officers and witnesses. On its face, Relators' petition requests only the incident report. This report constitutes a routine incident report subject to immediate disclosure. State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420, paragraph five of the syllabus. See, also, State exrel. Beacon Journal v. University of Akron (1980), 64 Ohio St.2d 392,396 (characterizing incident reports as "routine factual reports * * * fulfilling the duty imposed upon all law enforcement agencies to generate ongoing offense reports [and to] chronicl[e] factual events reported to them"). The fact that the incident report involved an investigation of an officer's actions does not affect its characterization as an investigatory record. See Stateex rel. Natl. Broadcasting Co. v. Cleveland (1991), 57 Ohio St.3d 77,79-80 (concluding that investigations by the Cleveland Police Department of all incidents of deadly force involving police officers constituted confidential law enforcement records without respect to the outcome of the investigation). Because information was redacted from the incident report in conjunction with the investigation, however, we must review the incident report in tandem with the narrative/supplemental reports.
Confidential law enforcement investigatory records not subject to disclosure include "any record that pertains to a law enforcement matter of a criminal * * * nature," when release would create a high probability that the identity of an uncharged suspect would be disclosed. R.C. 149.43(A)(2). This exception governs the situation in which documents identify the subject of an ongoing investigation in which prosecution has not commenced. See State ex rel. Outlet Communications v. Lancaster Police Dept.
(1988), 38 Ohio St.3d 324, 328. "[I]n order for law enforcement records to be subject to disclosure, * * * some action beyond the investigatory stage where subjects have either been arrested, cited, or otherwise charged with an offense" is required. Stateex rel. Thompson Newspapers, Inc. v. Martin (1989), 47 Ohio St.3d 28,30. This exception is not ameliorated by "the passage of time, the lack of enforcement action, or a prosecutor's decision not to file formal charges. * * * It is thus not restricted tocurrent, uncharged suspects." (Emphasis added.) State ex rel.Master v. Cleveland (1996), 75 Ohio St.3d 23, 30. See, also,State ex rel. Thompson Newspapers, Inc. v. Martin, 47 Ohio St.3d at paragraph two of the syllabus.
The narrative/supplemental reports in this case consist of narratives prepared by the responding officers after the fatal shooting. All identifying references to law enforcement personnel were redacted by Respondent. Respondent stated in his deposition that reports of this type are subject to "multiple supplements and investigations to follow." Shortly after the shooting, Respondent initiated an investigation by the Buckeye State Sheriff's Association, which reviewed the incident report and the narrative/supplemental reports in the course of its inquiry. The incident was also referred to the Wayne County Prosecutor, who decided not to pursue criminal charges against any officer. Respondent stated that the incident was investigated as a homicide. On the advice of the prosecuting attorney, the name of the officer who fired the fatal shots was redacted because he was a "suspect," and the names of the other officers were redacted "based on the probability that the other names would reveal the name of the suspect" by process of elimination or by contact with the named officers.
Disclosure of unredacted versions of the narrative/supplemental reports would reveal the identity of the officer who fired the fatal shot. Although charges were not filed against the officer, this fact would not remove the narrative/supplement reports from the scope of the exclusion provided in R.C.149.43(A)(2)(a). Consequently, they would not be subject to disclosure. Although the Uniform Incident Report is not a confidential law enforcement investigatory record in and of itself, further investigation, as reflected in the narrative/supplemental reports, may have led to an investigation focused on a single suspect. As discussed supra, this information would create a high probability that the identity of the shooter would be disclosed. In this situation, R.C. 149.43(A)(2)(a) mandates that the incident report's exclusion from the definition of public records.
Although we are compelled by statute to reach this conclusion, we note that the implications of this result are incongruous with the policy interests underlying R.C. 149.43. The protection afforded by R.C. 149.43(A)(2)(a) avoids adverse publicity for an uncharged suspect who, but for the disclosure, may not have been identified with the investigation in any way.State ex rel. Moreland v. Dayton (1993), 67 Ohio St.3d 129, 131. In addition, the exclusion protects the integrity of the investigative process by facilitating later efforts to reopen and solve an inactive case. Id. In this case, the shooting officer was identified by the incident reports filed immediately after the incident. As such, his identity was not placed in question. This case is not "unsolved" in the true sense of the word. Rather, the facts conclusively indicated that Mr. Huffman was killed as a result of gunfire from a known officer. Following a conclusion that the actions of the officer were justified, the prosecutor elected not to pursue charges. With respect to a determination of the shooter's identity, this investigation is not subject to reopening.
The incident underlying this petition involves one officer's response to circumstances that arose from the performance of his or her duties. This situation is readily distinguishable from investigation of an individual, or even an officer, whose actions are not related to a law enforcement function. An investigation of a fatal police shooting will always occur despite the fact that it may ultimately be determined that no crime has been committed. Nonetheless, the public derives a "manifest" benefit in scrutinizing work-related incidents of violence involving law enforcement personnel. State ex rel. Olander v. French (1997),79 Ohio St.3d 176, 180, citing State ex rel. Multimedia, Inc. v.Whalen (1990), 51 Ohio St.3d 99, 100.[1] It is only appropriate that incidents involving the performance of law enforcement personnel that result in injury or death should be subject to public scrutiny.
The legislature, however, has not created an "exception to the exception" governing this situation. The logical result of application of the uncharged suspect exception in these cases is that the public will not have access to the names of officers involved in violent confrontations with the public in the vast majority of cases in which the officers' conduct is investigated and determined to be justified and in which charges are never filed. We are not persuaded that this result furthers the purposes advanced by the legislature in carving out the uncharged suspect exception to disclosure. Nonetheless, we are constrained by the legislature's silence to reach this conclusion. To the extent that the identity of this officer was included in the Uniform Incident Report, by error, inadvertence, or neglect, it may be redacted on the incident report based on the characterization of the underlying narratives.
Relators' motion for summary judgment is granted in part and denied in part. Similarly, Respondent's motion is granted in part and denied in part. It is our determination that the writ may issue for a fully unredacted version of the Uniform Incident Report to the extent that the actual shooter is not identified. Because Relators have been provided with a copy of the report prepared by the Buckeye State Sheriff's Association, that portion of the petition is moot.
Relators have also moved for attorney fees. Attorney fees are authorized, but not mandated, by R.C. 149.43(C). State exrel. Akron Beacon Journal Publishing Co. v. Akron Metro. Hous.Auth. (1989), 42 Ohio St.3d 1, 2, citing State ex rel. Fox v.Cuyahoga Cty. Hosp. System (1988), 39 Ohio St.3d 108, paragraph two of the syllabus. In this case, Respondents pursued reasonable legal theories in this action and there is no indication that they acted in bad faith. See State ex rel. Fox v. Cuyahoga Cty.Hosp.System, 39 Ohio St.3d at 112. The motion for attorney's fees is denied.
Judgment accordingly.
Judgment ordered as set forth above.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to the relators.
Exceptions.
LYNN C. SLABY, FOR THE COURT
BATCHELDER, J., CONCURS.
[1] In Whalen, 51 Ohio St.3d 99, the Ohio Supreme Court granted the relator's request for attorney's fees. The underlying writ in that case compelled the Hamilton County Sheriff to release records pertaining to a fatal shooting by a police officer. The respondent argued that the records were exempted from disclosure by executive privilege and that the relator could not establish a clear legal duty to disclose the records. The Court rejected both arguments. The respondent, however, did not raise the investigatory records exception and, accordingly, the Court did not address the issue. Id. at 100-01. Similarly, the Court inState ex rel. Natl. Broadcasting Co. v. Cleveland, supra, concluded that investigations of deadly force by police officers could qualify as confidential law enforcement records, but the uncharged suspect exception was not at issue in that case.