[Cite as *Hicks v. Court of Claims*, 2024-Ohio-3000.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| CHRISTOPHER R. HICKS | Case No. 2024-00515PQ |
| Requester | Special Master Gary Peterson |
| v. | <u>RECOMMENDATION FOR DISMISSAL</u> |
| COURT OF CLAIMS | |
| Respondent | |

{¶1} On May 13, 2024, requester Christopher R. Hicks made a public records request of respondent, the Court of Claims, for the following:

{¶2} "1. This is a record request for any entry showing the appointment of Ms. Wahlers to this case.

{¶3} "2. This is a record request for all communications (voice mail, email, letter, text) to which I was not a party, that any of you have had with Respondent or any party they represented from the inception of this case. This includes communications to or from them and in any format." (Complaint, attachment, page 1).

{¶4} On May 14, 2024, respondent provided some records but did not provide any records of communications between Ms. Whalers and Mr. Shrive or Ms. Nichols, asserting "mediation privilege." (*Id.* attachment, page 1-2). In the records provided, Natalie Wilkinson assigned case 2024-00345PQ to Ms. Wahlers for "triage." (*Id.*) Requester maintains that Ms. Whalers and counsel for respondent in 2024-00345PQ engaged in communications that did not involve the assigned mediator and were not at the direction of the mediator. (*Id.* attachment, page 1). Requester further adds that the assigned mediator, Robert Van Schoyck stated he had no involvement in, awareness of, or access to communications between Mr. Shrive, Ms. Nichols, and Ms. Wahlers. (*Id.* attachment, page 2).

{¶5} On May 14, 2024, requester made a second request for "All communications, relating to Case 2024-00345PQ, in any format (including but not limited to voice mail,

email, letter, text) Ms. Kelly Wahlers sent, received, was copied on, or otherwise captured, with the Respondent (counsel for Respondent, any named Respondent party, or anyone acting in the interest of the Respondent) from the inception of Case 2024-00345PQ." (*Id.* attachment, page 2).

{¶6} On May 17, 2024, respondent stated "The Court has responsive records, but they are excepted from public record status by R.C. 149.43(a)(1)(v) and the mediation privilege created by R.C. Chapter 2710. They will therefore not be produced. See State ex. Rel. Dann v. Taft, 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 28." (*Id.*). Respondent also produced an organizational chart for the Court of Claims listing Todd Marti as "Public Records Special Master", Robert Van Schoyck as a "magistrate", and Kelly Wahlers as a "staff attorney." (*Id.*)

{¶7} On June 18, 2024, requester filed a complaint under R.C. 2743.75 alleging denial of access to public records by the Court of Claims in violation of R.C. 149.43(B).

{¶8} On review of the complaint and attachments, the special master will *sua sponte* address whether this action constitutes a case of first impression that should be dismissed without prejudice. R.C. 2743.75(C)(2) provides:

> "If the allegedly aggrieved person files a complaint under this section and the court of claims determines that the complaint constitutes a case of first impression that involves an issue of substantial public interest, the court shall dismiss the complaint without prejudice and direct the allegedly aggrieved person to commence a mandamus action in the court of appeals with appropriate jurisdiction as provided in division (C)(1) of section 149.43 of the Revised Code."

A case of first impression is one that "presents an entirely novel question for the decision of the court, and cannot be governed by any existing precedent." *Black's Law Dictionary* 635 (6th Ed. 1990). While there is no statutory definition or case law test for this concept, the Ohio Supreme Court has referred to the following public records cases as constituting cases of first impression:

- Whether dashcam video is exempt as a confidential law enforcement investigatory record. *State ex rel. Cincinnati Enquirer v. Ohio Dept. of Pub. Safety*, 2016-Ohio-7987, ¶ 54.

- Application of gubernatorial executive privilege as an exception. *State ex rel. Dann v. Taft*, 2006-Ohio-1825, ¶ 2.

- Application of the federal privacy rule of HIPAA to municipal lead citations. *State ex rel. Cincinnati Enquirer v. Daniels*, 2006-Ohio-1215, ¶ 32.

- Whether completed juror questionnaires meet the definition of "records." *State ex rel. Beacon Journal Publ'g Co. v. Bond*, 2002-Ohio-7117, ¶ 7.

- Whether a 24-day delay violates the requirement to provide accident reports "promptly." *State ex rel. Wadd v. Cleveland*, 81 Ohio St.3d 50, 53-55, (1998).

- A case requiring analysis of the interplay between the Public Records Act, the Open Meetings Act, and a county record-keeping statute. *White v. Clinton Cty. Bd. of Commrs.*, 77 Ohio St.3d 1267, 1268 (1997).

- Whether an internal state agency investigation is a "law enforcement matter of a criminal, quasi-criminal or administrative nature." *State ex rel. Polovischak v. Mayfield*, 50 Ohio St.3d 51, 52 (1990).

Whether a particular matter constitutes a case of first impression is informed by these decisions, but they do not set a bright line for future determinations.

{¶9} Here, requester has brought an action for an alleged violation of the public records act in the Court of Claims and named the Court of Claims as the respondent. This case therefore requires a determination of whether the Court of Claims is subject to suit in the Court of Claims for an alleged public records violation pursuant to R.C. 2743.75 and R.C. 149.43. R.C. 2743.75 does not state that the Court of Claims is subject to suit in the Court of Claims for an alleged public records violation. Furthermore, requester has not cited to any case law that supports the position that the Court of Claims is subject to suit in the Court of Claims for an alleged public records violation. Additionally, the special master is unaware of any such case law.

{¶10} Regarding the question of whether communications between Ms. Wahlers and respondent in Case 2024-00345PQ are subject to mediation privilege, it appears from requester's complaint that the communications were made following Ms. Wahlers assignment to the case for "triage." Triage is not defined in the complaint, but it is apparent

that the position of the Court of Claims is that the communications made during triage are subject to the mediation privilege. (Complaint, attachment, pages 1-2).

{¶11} I find that this case presents entirely novel questions for the decision of the court, and cannot be governed by any existing precedent. Determination of the questions presented requires analysis of the interplay between the Public Records Act, the Court of Claims subject-matter jurisdiction as outlined in R.C. Chapter 2743, and the mediation privilege found in R.C. Chapter 2710 regarding whether "triage" communications are mediation communications exempt from public records disclosure.  Under the particular facts and circumstances of this matter, I recommend the court find that the claim presented constitutes a case of first impression.

{¶12} R.C. 2743.75(C)(2) further requires that the case "involves an issue of substantial public interest." This phrase is not defined in Ohio statutes or case law. The analogous standard of "public or great general interest" found in Article IV, Section 2(B)(2)(e) of the Ohio Constitution distinguishes "questions of public or great general interest" from "questions of interest primarily to the parties." *Williamson v. Rubich*, 171 Ohio St. 253, 254 (1960). Questions of public or great general interest invoke the Supreme Court's role "to clarify rules of law." *Wells Fargo Bank, N.A. v. Burd*, 2018-Ohio-3891, ¶ 14 (Kennedy, J., dissenting); S. Ct. Prac. R. 5.02(A)(3).

{¶13} The case before the court involves an alleged public records violation by the court designated by statue as the body for "an expeditious and economical procedure that attempts to resolve disputes alleging a denial of access to public records in violation of division (B) of section 149.43 of the Revised Code * * *." R.C. 2743.75(A).  The court is designated as the "sole and exclusive authority in this state that adjudicates or resolves complaints based on alleged violations of that section."  No doubt the public has great interest in knowing whether the court designated as the sole and exclusive authority for resolving public records complaints also abides by the Public Records Act when confronted with the public records requests for its own records.  I find that this case involves more than questions of interest primarily to the parties involved.  Resolution of the legal issues in this case would have the broad effect of clarifying whether the Court of Claims is subject to suit in the Court of Claims for a violation of the public records act

and whether the mediation privilege includes triage communications as identified in requester's complaint.

{¶14} I therefore recommend that the complaint be dismissed without prejudice pursuant to R.C. 2743.75(C)(2) and that requester be directed to commence a mandamus action in the court of appeals with appropriate jurisdiction as provided in R.C. 149.43(C)(1).

GARY PETERSON
Special Master

Filed July 3, 2024
Sent to S.C. Reporter 8/8/24