[Cite as *State ex rel. Crilley v. Lowellville Bd. of Edn.*, 2023-Ohio-775.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO, EX REL. CHRISTOPHER CRILLEY ET AL.,

Plaintiffs-Appellants,

v.

LOWELLVILLE BOARD OF EDUCATION,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0029**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2020 CV 1363

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Robert T. McDowall, Jr.*, Robert T. McDowall Co., LLC, 415 Wyndclift Place, Youngstown, Ohio 44515, for Plaintiffs-Appellants and

*Atty. Thomas C. Holmes*, Holmes Legal Services, LLC, 34194 Aurora Road, Suite 295, Solon, Ohio 44139, for Defendant-Appellee.

Dated: March 8, 2023

**D'Apolito, P.J.**

**{¶1}** Plaintiffs-Appellants Christopher and Gina Crilley appeal the judgment entry of the Mahoning County Court of Common Pleas, denying their motion for statutory attorney's fees pursuant to R.C. 121.22(I)(2)(a). For the following reasons, the judgment entry of the trial court is affirmed.

**{¶2}** This is the second appeal from this case. In the merits decision, which was the subject of the first appeal, the trial court found that Defendant-Appellee Lowellville Board of Education ("Board") violated the Open Meetings Act, R.C. 121.22 ("OMA"), by failing to provide the requisite statutory notice of a special meeting of the Board on August 10, 2020.

**{¶3}** In the judgment entry on the merits, the trial court issued an injunction ordering the Board to "formulate, adopt, and abide by a rule consistent with R.C. 121.22(F) whereby any person may determine the time and place of all regularly scheduled meetings." Further, the trial court awarded civil forfeiture in the amount of $500.00 plus costs to Appellants.

**{¶4}** However, the trial court denied Appellants' request for declaratory relief and statutory attorney's fees. Specifically, the trial court declined to invalidate and declare null and void a resolution by the Board adopting an amended school reopening plan at the special meeting on August 10, 2020. The trial court reasoned that a prior resolution of the Board, which adopted the original reopening plan on July 27, 2020 of Superintendent Eugene M. Thomas, vested complete discretion in the Superintendent to alter or amend the original reopening plan at any time prior to or during the 2020-2021 school year, and rendered the Board action to be ceremonial. Finally, the trial court summarily overruled Appellants' request for attorney's fees.

**{¶5}** In the merits appeal, Appellants advanced two assignments of error. First, they argued that the trial court erred in concluding that the original reopening plan vested complete discretion in the Superintendent to alter or amend the original plan. Assuming arguendo that the Superintendent was vested with such authority, Appellants argued in the alternative that his decision to alter or amend the original plan outside the boundaries of a properly-noticed special meeting of the Board constituted a violation of the OMA. No

OMA challenge to the July 27, 2020 special meeting was alleged in the complaint. In their second assignment of error, Appellants alleged that the trial court erred when it declined to award attorney's fees to Appellants.

{¶6} The timeline of the proceedings before the trial court was significant to our decision in the merits appeal. Pursuant to the amended reopening plan, the opening of classes was delayed for one week, to August 31, 2020, and classes were conducted remotely for the first nine weeks of the school year, that is, August 31, 2020 to October 29, 2020.

{¶7} The complaint and motion for preliminary injunction were filed on August 20, 2020. A hearing on the motion was conducted by the magistrate on September 9, 2020, at which time the request for a preliminary injunction was consolidated with a trial on the merits pursuant to Civil Rule 65(B)(2). Post-trial briefs were filed and the magistrate issued his decision on September 21, 2020. Objections were filed and the trial court adopted the magistrate's decision in its entirety on October 29, 2020 - the final day of the ninth week of the 2020-2021 school year.

{¶8} On appeal, we opined that any possible remedy in this case was foreclosed at the conclusion of the ninth week of the school year. We further opined that the power granted to the Superintendent to amend the original reopening plan, as well as the requirements of the emergency legislation enacted to govern the reopening of the schools in Ohio for the 2020-2021 school year, terminated at the conclusion of the school year and have no continuing legal effect. Due to the unique set of facts in this case, we concluded that the appeal on the merits was moot.

{¶9} With respect to the trial court's refusal to award statutory attorney's fees, we found that the trial court merely parroted the statutory language regarding attorney's fees, without an explanation for its refusal to award attorney's fees. As a consequence, we remanded the matter in order for the trial court to apply the two-part statutory test in R.C. 121.22(I)(2)(a).

## FACTS

{¶10} In March of 2020, Governor Michael DeWine closed public schools in Ohio in favor of remote learning due to the COVID-19 outbreak. On June 19, 2020, the General

Case No. 22 MA 0029

Assembly enacted H.B. 164, which required school districts in Ohio to provide certain plan information to the Department of Education ("ODE") should the school district plan to utilize remote learning during any part of the 2020-2021 school year.

{¶11} The ODE provided guidance to local school boards regarding the requirements in H.B. 164 in a publication captioned "Planning for Blended or Remote Learning," which was admitted into evidence during the bench trial. The final inquiry under the caption, "Frequently Asked Questions," reads, in its entirety:

ARE SCHOOLS REQUIRED TO OBTAIN LOCAL SCHOOL BOARD APPROVAL FOR REOPENING PLANS OR REVISIONS TO REOPENING PLANS?

Obtaining local school board approval for reopening plans is not a statutory requirement, although doing so is advisable and would be considered by the Department to be a best practice.

{¶12} On July 27, 2020, the Board held a special meeting in order to review, approve, and adopt a comprehensive school reopening plan. Approximately 100 people were in attendance. The presentation of the proposed plan was made almost exclusively by the Superintendent, then he conducted an interactive question-and-answer session with both the Board and the public.

{¶13} The plan, which was adopted by the Board at the July 27, 2020 special meeting, included an option for either in-person attendance or remote learning for the entirety of the rapidly-approaching school year. A deadline of August 10, 2020 was set for parents to select either the in-school or online modality for their child.

{¶14} However, the reopening plan adopted at the July 27, 2020 special meeting reads, in pertinent part:

This is a working document. Any and all future changes will be made in accordance to changing health recommendations, state guidelines, or district needs as determined by Superintendent of Schools. Also, these guidelines were developed for today and knowingly, at any given date and/or time, let alone four weeks out, an increased outbreak and/or spike in

numbers and/or local infection(s) can change the opening of the 2020-2021 school year. PLEASE, read the plan regularly for changes and feel free to call the Superintendent * * * if you have any questions.

(Emphasis added).

{¶15} The reopening plan, submitted on an ODE Form dated July 22, 2020, was admitted into evidence at the trial on this matter. The form language reads, in pertinent part:

NOTE: As the school year proceeds and circumstances evolve, school districts are able to amend their respective remote learning plans to address changing needs. District superintendents are able to make amendments to the remote learning plan on behalf of school district without additional local school board approval. Amended plans, however, must be resubmitted to ODE by email * * *

{¶16} The Superintendent testified at trial that he decided to amend the reopening plan due to safety concerns and financial issues. After a conversation with the teachers' union president, the Superintendent learned that many teachers were at risk and unable to participate in the in-class modality. Further, as of August 10, 2020, twenty to twenty-five percent of the students had reported that they suffered from underlying health conditions.

{¶17} The Superintendent further testified that he determined the cost to hire substitute teachers would be overwhelming, well over $1,000,000.00, a problem compounded by the fact that there has been a shortage of substitute teachers in Mahoning County, as well as statewide, for many years. The Superintendent also cited cleaning costs ($1.50 per square foot for a 100,000 square foot building), in the event of an outbreak.

{¶18} On August 10, 2020, the Board held a special meeting, which the trial court concluded was conducted in violation of the statutory notice provisions of the OMA. R.C. 121.22(A) reads that the OMA is to be liberally construed to require public officials to take

official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law.

{¶19} R.C. 121.22(F) reads, in pertinent part, "Every public body, by rule, shall establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings."

{¶20} The Board policy at issue, Policy BDDA, reads as follows:

Special Meetings: A special meeting may be called by the Board President, the Treasurer or by any two members of the Board, by serving written notice of the time and place of the meeting upon each Board member at least two days before the date of the meeting. The notice must be signed by the officer or members calling the meeting. Notice by mail is authorized. Notice of the time, place, and purpose must also be given at least 24 hours in advance of the meeting to all news media and individuals who have requested such notice.

Personal Notice of Meetings: Any person who wishes to receive advance personal notice of regular or special meetings of the Board may receive the advance notice by requesting that the Treasurer include his/her name on a mailing list and by providing the Treasurer with a supply of stamped, self-addressed envelopes.

{¶21} Both the Superintendent and the Treasurer testified that the Policy BDDA was a model rule drafted by the Ohio School Board Association ("OSBA") and adopted without revision. Testimony at the trial established that notice was typically published in the local newspaper and the agenda for special meetings was posted on the school district's website.

{¶22} The notice for the August 10, 2020 special meeting provided to the Tribune Chronicle read, in its entirety, "The Lowellville Board of Education will hold a Special Board Meeting, Monday, August 10, 2020 at 5:30 p.m. in the Cafetorium." Through no fault of the Board, the Tribune failed to publish the notice.

Case No. 22 MA 0029

{¶23} Further, although testimony established that the agenda for special meetings is typically posted on the school district's website, the agenda for the August 10, 2020 special meeting included no mention of the amendment to the original reopening plan. As a consequence, the trial court concluded that the Board's rule and the notice regarding the August 10th special meeting violated the OMA.

{¶24} The trial court opined:

The "rule" which the Board refers to regarding the manner in which it provides notice of special meetings is actually silent as to any method or manner of notifying the general public of the time, place, and purpose of special meetings. While evidence has been adduced regarding the practices which the Board ordinarily adopts to provide notice to the public, the same is subject to uncertainty and inconsistent application which the legislature intended to avoid in enacting R.C. 121.22. Furthermore, in failing to notify the print media of the purpose of the special meetings, the Board also acts in derogation of the statute. The Magistrate[1] finds that [Appellants] have established their right to injunctive relief by clear and convincing evidence.

In light of the foregoing finding, the special meeting conducted August 10, 2020 was held in violation of the [OMA]. Therefore, under ordinary circumstances the Magistrate would declare the action of the Board in "approving" the decision of Superintendent Thomas to adopt remote learning for the first nine weeks of the school year to be invalid pursuant to R.C. 121.22(H). However, the analysis does not end there. First, the "Reopening Plan" approved unanimously by the Board on July 27, 2020 vested in the Superintendent the sole, unfettered discretion to adopt a remote learning plan without any Board approval, whatsoever. Therefore, any "action" taken by the Board regarding the Superintendent's decision was, and remains a nullity without any legal significance at all. Equity will

---

[1] The trial court fashions its judgment entries by "cutting and pasting" the Magistrate's decision. Consequently, the original judgment entry contains numerous references to the Magistrate.

not permit a court to do a vain and useless thing. The decision of the Superintendent to adopt a remote learning plan for the first nine weeks of the school year is a legitimate exercise of his power and will not be disturbed by the Magistrate.

(10/29/20 J.E., p. 4.) The trial court declined to award attorney's fees to either party, but, pursuant to R.C. 121.22(I)(2), awarded statutory damages in the form of civil forfeiture in the amount of $500.00 and costs.

**{¶25}** As previously stated, we concluded that the merits decision was moot, but remanded Appellant's request for attorney's fees to the trial court in order for the trial court to engage in the required statutory analysis.

**{¶26}** On remand, the trial court ordered the parties to file findings of fact and conclusions of law. The trial court ultimately concluded once again that statutory attorney's fees were not warranted. The trial court opined that the offending notice policy had been drafted by the OSBA and adopted by the Board without revision. The trial court further cited the Board's established unwritten practice of posting notice of meetings, including time, place, and purpose, on its public website at least 48 hours in advance of each meeting, and providing notice of time and place for meetings within the same time frame to the local newspaper.

**{¶27}** This timely appeal followed.

## ASSIGNMENT OF ERROR

**THE MAGISTRATE'S DECISION DEFENDANT-APPELLANT [SIC] WAS "REASONABLE" IN IT'S [SIC] "BELIEF" THE MANDATED STATUTORY MEETING NOTICE REQUIREMENTS WERE SATISFIED BY BLINDNLY ADOPTING A MODEL RULE APPLIES AND [SIC] INCORRECT LEGAL STANDARD. THE ACTUAL MEETING NOTIFICATION ENACTED BY DEFENDANT ("BDDA") IS ANALYZED FOR A DETERMINATION OF WHETHER A "WELL INFORMED PUBLIC BODY" – KNOWLEDGABLE [SIC] OF IT'S [SIC] STATUTORY DUTIES IMPOSED BY R.C. 121.22(F) – WHICH THE TRIAL COURT FOUND TO**

BE "COMPLETELY SILENT" AS TO "ANY" NOTIFICATION METHOD FOR SPECIAL MEETINGS – TO NEVERTHELESS BE IN COMPLIANCE WITH R.C. 121.22(F).

{¶28} The Board contends that Appellants failed to preserve their appeal by failing to object to the Magistrate's Decision with specificity, and by committing alleged procedural errors. Contrary to the Board's procedural challenges, we find that Appellants objections to the Magistrate's Decision preserved the issues raised in this appeal.

{¶29} R.C. 121.22(I) reads, in relevant part:

(1) Any person may bring an action to enforce this section. An action under division (I)(1) of this section shall be brought within two years after the date of the alleged violation or threatened violation. Upon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions.

(2)(a) If the court of common pleas issues an injunction pursuant to division (I)(1) of this section, the court shall order the public body that it enjoins to pay a civil forfeiture of five hundred dollars to the party that sought the injunction and shall award to that party all court costs and, subject to reduction as described in division (I)(2) of this section, reasonable attorney's fees. The court, in its discretion, may reduce an award of attorney's fees to the party that sought the injunction or not award attorney's fees to that party if the court determines both of the following:

(i) That, based on the ordinary application of statutory law and case law as it existed at the time of violation or threatened violation that was the basis of the injunction, a well-informed public body reasonably would believe that the public body was not violating or threatening to violate this section;

(ii) That a well-informed public body reasonably would believe that the conduct or threatened conduct that was the basis of the injunction would

serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct.

Attorney's fees are mandatory unless the trial court concludes that neither of the prongs in R.C. 121.22(I)(2)(a) applies.

**{¶30}** We review a decision regarding attorney's fees in an OMA case for an abuse of discretion. *State ex rel. Jones v. Dayton Pub. Schools Bd. of Edn.*, 2nd Dist. No. 28637, 2020-Ohio-4931, 160 N.E.3d 777, ¶ 50, cause dismissed sub nom. *State ex rel. Jones v. Dayton Pub. Schools Bd. of Edn.*, 163 Ohio St.3d 1422, 2021-Ohio-1580, 167 N.E.3d 991, ¶ 50, and appeal not allowed sub nom. State ex rel. *Jones v. Dayton Pub. Schools Bd. of Edn.*, 163 Ohio St.3d 1422, 2021-Ohio-1580, 167 N.E.3d 991, ¶ 50; see also *Specht v. Finnegan*, 149 Ohio App.3d 201, 2002-Ohio-4660, 776 N.E.2d 564, ¶ 42 (6th Dist.); *Mathews v. E. Local School Dist.*, 4th Dist. Pike No. 00CA647, 2001-Ohio-2372. An abuse of discretion means that the court's attitude is "unreasonable, arbitrary or unconscionable." *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). "[M]ost instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "Decisions are unreasonable where no sound reasoning process would support them." *Id.*

**{¶31}** Bryan Schiraldi, the Lowellville Local School District Treasurer, testified that Policy BDDA was drafted by the OSBA, which he described as an organization that works with school boards and offers a variety of services and training for school board members and administrators. The OSBA drafts model policies, which are sold to the school districts through a service contract and include quarterly updates to the policy language to reflect changes in Ohio law. Both the Treasurer and the Superintendent, averred that the Board adopts the model policy language verbatim, as the Board presumes that the model policy language complies with Ohio law. The Treasurer further testified that he provides notice of special meetings by sending a written notice, which bears his signature, to the local newspaper and posting a copy of the meeting agenda on the school district website at least forty-eight hours prior to the meeting.

**{¶32}** The trial court opined:

In applying the two-prong test, the Magistrate has considered all of the evidence adduced at trial, the Proposed Findings of Fact and Conclusions of Law submitted by the parties and the existing statutory and case law. The Magistrate finds that the [Board] acted as "a well-informed public body" and was reasonable in its belief that its adoption of the notice requirements set forth in the applicable version of the [Policy BDDA] coupled with its established but unwritten practice of posting its meeting agendas on its public website at least forty-eight hours prior to each meeting and notifying the local newspaper of the time and place of each meeting at least forty-eight hours prior thereto complied with R.C. 121.22(F).

In addition, pursuant to R.C. 121.22(I)(2)(a)(ii), the Magistrate finds that a well-informed public body reasonably would believe that its adoption of the applicable version of [Policy BDDA] as provided by the OSBA without revising said Policy to include its established unwritten practice of posting its meeting agendas on its public website at least forty-eight (48) hours prior to each meeting and of providing the local newspaper with advance written notice of the time and place of its meetings would serve the public policy underlying the legal authority permitting such action. In arriving at this, perhaps what the Magistrate finds most compelling is that it is extremely reasonable for a school board to believe that the public meeting notice policy that it obtains from an established organization such as the [OSBA], utilized by several other schools, complied with R.C. 121.22(F) and could be adopted and relied upon without any revisions thereto.

(2/28/22 J.E., p. 3.)

**{¶33}** Appellants correctly argue that the trial court erroneously concluded in the foregoing first quoted paragraph that the Board's adoption of the model language provided by the OSBA, in conjunction with their unwritten notice policy, "complied with R.C. 121.22(F)." To the contrary, the trial court had previously opined and the Board did

not appeal that the existing policy violated R.C. 121.22(F). Instead, the trial court appears to have intended that the foregoing evidence satisfied the requirements of R.C. 121.22(I)(2). In other words, a well-informed public body could reasonably believe that it did not violate R.C. 121.22(F) based on the facts in the record, and that the same public body could reasonably believe that its conduct served the public policy that underlies the authority that is asserted as permitting that conduct.

{¶34} Next, Appellants contend that the trial court applied a subjective not an objective test, and R.C. 121.22(I)(2) sets forth an objective standard. Appellants argue that the trial court should not have predicated its decision on the testimony of the Treasurer and the Superintendent that the Board believed that Policy BDDA complied with R.C. 121.22(F). Appellants further argue that we exercise *de novo* review over the trial court's decision insofar as the trial court committed an error of law when it applied the wrong standard. To the contrary, the trial court applied an objective standard, that is, whether the Board's belief was consistent with the reasonable belief of a well-informed public body. As a consequence, we apply an abuse of discretion standard.

{¶35} Third, Appellants contend that a plain reading of Policy BDDA reveals its defects. We find nonetheless that the trial court did not abuse its discretion in concluding that a well-informed body could reasonably believe that a model policy fashioned by the OSBA complied with R.C. 121.22(F). Further, the school board employed several methods to notice special meetings, including internet, newspaper and robocalls, which the trial court concluded satisfied the public policy concerns in R.C. 121.22(I)(2)(a)(ii).

{¶36} Fourth, Appellants challenge the testimony of the Treasurer and the Superintendent that Policy BDDA was adopted verbatim by the Board, as well as many other school districts, from a model policy provided by the OSBA. Simply put, Appellants argue that an organization tasked with the responsibility of drafting model rules would not have drafted "such a glaring[ly] deficient special meeting notification." (Appellants' Brf., p. 9, fn. 1.) Appellants further challenge the testimony of the Treasurer and Superintendent with respect to this matter because they were not members of the Board when Policy BDDA was adopted. However, Appellants offered no testimony or documentary evidence in the record to contravene the challenged testimony. In the absence of such evidence, we shall not disturb the conclusions of the trial court.

{¶37} Finally, Appellants asserted at oral argument that the Ohio Supreme Court's holding in *White v. Clinton County Board of Commissioners*, 77 Ohio St.3d 1267, 675 N.E.2d 471 (1996), informs our decision. The Ohio Supreme Court awarded attorney's fees to White pursuant to R.C. 121.22(I)(2) and 149.43 (public records law), despite the fact that "White's case was one of first impression[,] it involved a novel issue of the interpretation of R.C. 121.22 and 149.43 and 305 [(county commissioners), and] [t]here was little guidance in terms of case law that defined record keeping." *Id.* at 268. Appellant reasons that the trial court abused its discretion in denying attorney's fees in this case, because no novel issue of law is presented and no difficult statutory interpretation is required. However, a cursory review of *White* reveals that the version of R.C. 121.22(I)(2) applied in that case preceded the statutory amendment that added the two-part test in subsections (i) and (ii) applied here. As a consequence, the Ohio Supreme Court's interpretation of R.C. 121.22(I)(2) in *White* has no precedential value here.

{¶38} Accordingly, we find that the trial court applied the appropriate standard of review and its conclusion that attorney's fees were not warranted is not unreasonable. Accordingly, the judgment entry of the trial court declining to award attorney's fees to Appellants is affirmed.

Waite, J., concurs.

Robb, J., concurs.

Case No. 22 MA 0029

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**